## Book v. City of Henderson.

(Decided October 2, 1917.)

### Appeal from Henderson Circuit Court.

1. Master and Servant—Workmen's Compensation Act—Negligent Third Party—Damages.—An employe, injured in the course of duty, by the negligence of a third party, may, under Section 9, Workman's Compensation Act, proceed against the employer for compensation and also against such third party for damages; and may collect from the employer the compensation awarded, and from the third party so much of the amount of damage adjudged as exceeds the amount of compensation awarded, or he may collect the entire amount of damage from the third party and nothing from the employer.

2. Master and Servant—Parties.—Under section 9, Workmen's Compensation Act, the employer may recover of a negligent third party the amount of indemnity he has paid or becomes liable to pay to an employe, injured by such third party, and the employer is, therefore, a necessary party.

3. Master and Servant—Evidence.—Trial.—In an action for damages by an employe against a negligent third party, awards under the Workmen's Compensation Act and payments thereunder are not material to the issues, and neither evidence nor instruction with reference thereto should be submitted to the jury.

4. Master and Servant—Workmen's Compensation Act—Judgment.— In an action for damages by an employe who has accepted the provisions of the Workmen's Compensation Act, against a negligent third party, judgment upon the verdict in favor of the employe should be apportioned between the employe and employer according to their respective interests therein, as shown by the pleadings and proof.

WOODWARD & DIXON for appellant.

B. S. MORRIS and VANCE & HEILBRONNER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The city of Henderson owns and operates its own electric light plant, and, on September 28, 1916, maintained, at Third and Green streets, electric light wires over which it transmitted electric current for sale. The Henderson Telephone & Telegraph Company, at the same time and place, maintained telephone wires that crossed over, and about five feet above, the city's electric light wires.

Appellant, H. H. Book, plaintiff below, filed this action against the city to recover damages for injuries re-

ceived by him on the date above mentioned, alleging that he was, at that time, employed as a lineman by the telephone company; that by reason of the negligence of the defendant in failing properly to insulate its electric light. wires, he, while acting within the scope of his employment and in the exercise of ordinary care for his own safety, received an electric shock when one of the telephone wires came in contact with one of defendant's electric light wires sufficient to throw him a distance of twenty feet from the pole upon which he was working to the pavement, thereby inflicting upon him severe and permanent injuries. The city answered, traversing the negligence alleged, pleading contributory negligence, and, in a fourth paragraph, the acceptance of the provisions of the Workmen's Compensation Act and compensation thereunder by the plaintiff, in bar of his right to maintain the action. Plaintiff, by reply, traversed the affirmative allegations of the answer, other than those contained in the fourth paragraph thereof, to which paragraph he entered a demurrer and motion to strike out. The motion and demurrer were overruled, to which plaintiff excepted. The defendant then entered a motion for judgment upon the face of the papers, which was sustained, and the petition was dismissed. The plaintiff has appealed.

The telephone company was not a party to the action.

The fourth paragraph of the answer, which was not traversed, and the allegations of which, for the purposes of the demurrer, are admitted as true, is as follows:

"This defendant, for further answer herein, says that both the plaintiff and the said Henderson Telephone & Telegraph Company, by whom plaintiff was employed, and for whom he was working at the time of the accident complained of in his petition, had, prior to the time complained of therein, accepted the provisions of what is commonly known as the Workmen's Compensation Law, which was enacted by the General Assembly of the Commonwealth of Kentucky at its 1916 regular session, and which was approved by the Governor of said Commonwealth on the 23rd day of March, 1916, and is chapter 33 of the acts of said General Assembly for said year, and which was at the time complained of in plaintiff's petition, and is now in full force and effect; that the plaintiff, shortly after the happening of said accident, and while he had still accepted the provisions of said act, gave notice of same to his employer, the said Hen-

derson Telephone and Telegraph Company, and made claim upon said employer for compensation under the provisions of said act, and which claim has been allowed and is being regularly paid by said employer, the said Henderson Telephone and Telegraph Company, and in an amount equal to 65% of the wages plaintiff was receiving at the time of his said accident, and amounting to the sum of $9.75 per week, and will continue so to be paid to the plaintiff by said employer, the Henderson Telephone and Telegraph Company, under the provisions of said law; that the plaintiff by accepting said compensation as aforesaid, and receiving and collecting the same, is estopped from collecting anything from this defendant on account of said injuries, if any he received, and is estopped from recovering against this defendant anything on account thereof, and this defendant pleads and relies upon said acts of estoppel as a bar to any recovery against this defendant by plaintiff herein."

The decision of the question involved depends upon the proper construction of section 9 of the Workmen's Compensation Act (Acts 1916, p. 354), which reads as follows:

"Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act the employer having paid the compensation or having become liable therefor, shall have the right to recover in his own name or that of the injured employe from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employe."

It is the claim of appellee that, by collecting compensation from the employer awarded under the act, appellant is estopped from proceeding against the city to recover damages, even though its negligence may have caused the injury. It will be seen, from the above quotation from the act, that an employe, injured by the negligence of a third party, may, at his option, claim compensation from the employer under the provisions of the

act; or, proceed at law by civil action against the negligent third party to recover damages; or, third, proceed against both the employer for compensation and against such other third person to recover damages. The third option is, however, limited by the provision that he shall not collect from both; and it is this limitation upon the third option we are called upon to construe.

It is the contention of appellee that, although the employe has the right to proceed against both the employer for compensation and the third party for damages, necessarily by separate and distinct proceedings, one before the Workmen's Compensation Board under the act and the other by action in court, he may not collect any amount from one without waiving his right to proceed against the other; while appellant contends that the limitation is only upon his right to collect double damages, in whole or in part, for the injuries he has received. It is conceded that, before the enactment of the Workmen's Compensation Act, an injured employe could proceed jointly against both the employer and a negligent third party, but, to the extent he collected from the one on a joint judgment, he could not recover from the other. It is our judgment, from the very language of this section of the act, the construction contended for by appellant is the more reasonable; hence, we cannot justify any abridgment of this right unless the intention so to do is clearly expressed. The legislature was careful to preserve to the employer the right to recover from the negligent third party anything paid to the employe under the provisions of the act, and this confirms our judgment that it was not the intention of the legislature to relieve the negligent third party of his liability, or to change the existing law with reference thereto, except to provide for separate actions before different tribunals, when both the employer and a third party were proceeded against. The act was looking wholly to the rights of the employe and employer, and it was not designed to relieve a negligent third party from the consequences of his acts. If it had been the intention of the legislature to require an injured employe, as many such acts in other states require, to elect whether or not he would proceed against the employer or the negligent third party, it would have given only the first two options set out in the act. But, having given him the option of proceeding against either or both, it is not reasonable to believe that the legislature thereby meant that, in order to avail him-

self of his right to proceed against both, he must forego, until the end of litigation with the negligent third party, which might be protracted, the acceptance of small weekly benefits awarded against the employer under the Workmen's Compensation Act.

One of the purposes in enacting such legislation is to enable an injured employe to obtain the benefits of the act during the period he is incapacitated for labor by his injuries, without regard to whether or not they resulted from negligence. To construe the act, as contended for by appellee, to avail himself of the clearly expressed right to proceed against both the employer and negligent third party, the employe would be required to waive this beneficial provision of the law under which he receives compensation during the time it would probably be most needed. Such construction would, in our judgment, be repugnant to, and inconsistent with, one of the chief purposes of the law, as well as unwarranted by the language employed. We, therefore, conclude that the proper construction of this limitation upon the right of an injured employe to proceed against both, that he shall not collect from both the employer and the negligent third party, is, that to the extent he collects from one he may not collect from the other; from which it follows, the lower court erred in overruling the general demurrer to the fourth paragraph of the answer and in dismissing the petition.

Cripp's Case, 216 Mass. 586, 104 N. E. 565 Ann. Cas. 1915 B. 828, and other Massachusetts cases, relied upon by appellee, are not applicable, because, while the Massachusetts statute permits the injured employe to proceed against either the employer for compensation or the negligent third party for damages, it specifically provides that he cannot proceed against both. The English cases cited and relied upon of Gray v. North British R. Co., 52 Scot. L. R. 144, and Page v. Burtwell, 2 K. B. 758, are not in point. In the first of these cases, the workman had received full compensation from his employer, and this was held to bar the right, upon the part of his dependents, to recover against the negligent third party; whereas, in the second case, it was held that the acceptance by an injured workman of weekly payments from an alleged negligent third party barred any claim for compensation from the employer. It is apparent that, in neither of these cases, was the question involved the same as, or the facts analagous to, those in the case at bar.

It is apparent from the written opinion of the trial court that one of the reasons, which induced him to overrule the demurrer to the fourth paragraph of the answer and dismiss the petition, was that he was in doubt as to how the act could be enforced so as to protect the rights of the defendant as against the employer, not a party to the action, if plaintiff should be permitted to recover judgment against the defendant for the full amount of his damage, since the act gives to the employer the right to recover from the negligent third party the aggregate amount paid to the employer under the award of the Compensation Board. We are, therefore, asked, in case of a reversal, to indicate the proper procedure upon another trial.

By reason of the fact that the act gives to the employer the right to recover of a negligent third party the amount of indemnity he has paid the employe under the act, the employer is a necessary party to the action, which involves and should bind all parties upon the questions of defendant's negligence and the damages sustained by the plaintiff; otherwise, the employer would not be bound by the judgment, and even though it should be determined in this action that there was no negligence, or that the damages recoverable by plaintiff were less than the employer had paid him, it would not preclude the employer from thereafter alleging negligence in another suit against the defendant to recover the amount paid to the employe under the Compensation Act, in which event the courts would be called upon to determine, and the alleged negligent party to defend, the same questions of negligence and damages to the same party upon a single occasion, in two separate actions, which, of course, is not the meaning of the act.

Since the employer's liability to the employe does not depend upon the question of negligence, the award and other proceedings under the Compensation Act are wholly immaterial to the questions to be submitted to the jury, and such testimony should be excluded from their consideration. The award of the Compensation Board and payments to the employes thereunder affect only the judgment to be entered by the court upon the verdict of the jury, and the rights of the parties growing out of such award, or payments thereunder, should be taken care of by the court in the judgment. The trial of the issues of negligence and damages, to be submitted to the jury, should not be confused by evidence or in-

structions with reference to liability of the employer or awards under the Compensation Act, because such liability and award do not depend upon the question of negligence.

The defendant contends that the employer is not a necessary party, for the reason that he may not want to recover of defendant the amount paid to his employe, and by bringing him into the action the employer will be forced to participate, to the extent of his payments or liability to the employe, in any judgment that might be recovered of the defendant, without having manifested a desire to recover from the defendant. There is no merit in this contention, since the employer, although a party to the action, will not be given judgment against the defendant, unless he sets up his cause of action and asks judgment against the defendant for the amount he has paid, or has become liable to pay, to the employe. In the event the employer does so interplead and the trial results in a verdict against the defendant, it will be the duty of the court to prepare and enter judgment, apportioning the amount awarded against defendant, if in excess of the amount collected from the employer, between the plaintiff and employer according to their interests therein; and, even though the employer does not seek to recover of defendant the amount paid plaintiff, the defendant is nevertheless entitled to credit upon the judgment against him in favor of the plaintiff for the amount the employer has paid him, since to the extent he has collected from the employer he may not collect from the defendant.

For the reasons indicated, the judgment is reversed for proceedings consistent herewith.