## WEBER v. CHICAGO & N. W. RY. CO.

(District Court, D. Wyoming.  January 17, 1922.)

No. 2861.

Master and servant ⬿354—Compensation for injuries held bar to recovery against wrongdoer.

The Workmen's Compensation Act of Wyoming (Comp. St. Wyo. 1920, § 4317) makes the remedy thereby given exclusive as between employer and employé, and section 4323 provides that, where an employé is injured under circumstances creating a liability for damages in some third party, and there is no legal liability attaching to the employer, the employé shall be left to his remedy at law against such third party, and no compensation shall be payable under the act. *Held*, that the widow of an employé, killed while in an employment within the act, who was awarded and accepted compensation thereunder, could not retain it and also maintain an action for the death against a third party.

At Law.   Action by May L. Weber, administratrix, against the Chicago & Northwestern Railway Company.   On demurrer to affirmative defense pleaded in answer.   Demurrer overruled, and petition dismissed without prejudice.

John Dillon and G. J. Christie, both of Lander, Wyo., for plaintiff.
P. B. Coolidge, of Lander, Wyo., Wymer Dressler and Robert D. Neely, both of Omaha, Neb., and Paul S. Topping, of Nebraska City, Neb., for defendant.

KENNEDY, District Judge.   This is an action in which plaintiff, as administratrix of the estate of Arthur P. Weber, deceased, sues the defendant for damages on account of the alleged negligence of the defendant in causing the death of plaintiff's intestate at a railroad crossing in the town of Lander, in this state and district.

The answer filed by defendant is in the form of a general denial and a special affirmative defense, by which it appears that plaintiff's intestate, when he met his death, was in the employ of a feed and auto company in the town aforesaid, which employment was governed by the Workmen's Compensation Act of Wyoming; that this employer reported the accident under the act as required; that the state court, under the provisions of the Compensation Act, thereafter upon a hearing before it adjudicated the award to the plaintiff herein, as the surviving widow of the deceased, in the sum of $2,000, as well as an award of $300 to her as guardian of the minor son of the plaintiff and the deceased employé; that thereafter the plaintiff was paid the said sums out of the fund created and held under the department of the state of Wyoming having charge of the Workmen's Compensation Act, which compensation the plaintiff accepted and received for her use and benefit; that by reason of the aforesaid facts the plaintiff is barred and precluded from maintaining this action against the defendant.

To this affirmative defense set forth in the answer the plaintiff demurred, and the hearing upon the demurrer brings up the point here

under discussion, as to whether or not the defense interposed by defendant constitutes on its face a bar to the recovery sought by plaintiff. The decision of the court requires a construction of portions of the so-called Workmen's Compensation Act of this state. Three sections appear to the court to be the only portion of the act necessary for review here. Briefly stated, without quoting the sections verbatim, they provide as follows:

Section 4316 of the Wyoming Compiled Statutes of 1920 provides for the payment of compensation to persons injured in extrahazardous employments as defined by the act, or the dependent families of such as may die as the result of injuries, except where the injury is due solely to the culpable negligence of the injured employé. Section 4317 by its provisions makes the act exclusive, compulsory, and obligatory upon all employers and employés coming within its provisions. Section 4323 provides that, where the employé coming under the provisions of the act receives an injury under circumstances creating a liability in some third party to pay the damages, and there is no legal liability attaching to the employer, in such a case the employé shall be left to his remedy at law against such third party and no compensation shall be payable under the act.

The point in the case is: Considering the fact that the plaintiff has moved under the Compensation Act to receive benefits thereunder and has received those benefits, can she in addition thereto prosecute in the courts an action against the third party alleged to have negligently caused the death of the deceased? It is earnestly contended by counsel for the plaintiff that the Compensation Act is a form of insurance established by law to cover injuries to employés sustained in the course of their employment, regulating by certain set rules the relationship and responsibility as between employer and employé touching such injuries, and is independent of or in addition to any legal rights against third parties. It is contended by the defendant that under the act, if compensation be accepted, it relieves any third party from any liability growing out of the injury or death of the employé.

Modern legislation in most of the states has brought about laws of the character under discussion, but upon this particular point they are greatly at variance, not only in their provisions, but as well in their construction by the several state courts. The Supreme Court of the state of Wyoming has passed upon the law once, in which its constitutionality was sustained in Zancanelli v. Coal & Coke Co., 25 Wyo. 542, 173 Pac. 981, but that court has not been called upon for a construction of any of the particular sections of the act.

The original English act, from which we adopted the idea, as well as practically the form, of this class of legislation, provided that the injured party or his legal representative might in a case of this character have the alternative right to proceed under the act or against the third party. In some states, notably West Virginia, the use of the act, even where no third party is involved, is optional. In Kentucky it would seem that the court has adopted a rather liberal construction of the law, holding that, in the event the party has proceeded under

the Compensation Act and also under a suit against the third party, the adjustment of the damages and awards will be taken care of by the courts. In the state of Washington it has been held by the Supreme Court of that state, and affirmed by the United States Supreme Court, that the act of that state is exclusive (except in certain incidents not affecting the point here) in settling the rights between employer and employé in case of injury or death, which consideration automatically relieves third parties from liability. A discussion of these various rules may be found in copious notes or the opinions found in the following books: L. R. A. 1916A, 100; Id. 29; Merrill v. Marietta Torpedo Co., 79 W. Va. 669, 92 S. E. 112, L. R. A. 1917F, 1048; L. R. A. 1917D, 100; Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Bohan v. Milwaukee, L. S. & W. Ry. Co., 58 Wis. 30, 15 N. W. 803; Northern Pac. Ry. Co. v. Meese, 239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467.

I do not find, however, that any of these acts upon the point involved contain the exact provisions of the Wyoming act. It is true that the Wyoming act makes its provisions the exclusive remedy as between employer and employé coming within the classes covered. It does not, however, provide an alternative right in so many words. In Nebraska the act of that state has been construed so as to entitle the employer to be subrogated in the event of payment of compensation to the rights of the injured employé or his personal representatives, against the third party. Otis Elevator Co. v. Miller, 240 Fed. 376, 156 C. C. A. 302.

In this case the pleadings show upon their face that the plaintiff's intestate was an employé of an auto company at the time of the accident, performing his duty as such employé, and the employment was within the scope of the act as covering an extrahazardous occupation, as therein enumerated. In the opinion of the court, therefore, the adjudication of the compensation by the state court under the act was entirely proper, and in any event was such an adjudication as would bind this court. It appears, however, that the exception in the case of the injury or death being caused by the negligence of a third party, as set forth in section 4323 of the statute, is peculiarly limited. Two clauses of this section particularly affect the rights of the plaintiff in this case, to wit: First, where there is a legal liability in some third person, and there is no legal liability attaching to the employer, which element of no legal liability of employer in this case may be assumed by the court as proven, in that there is no affirmative showing of the employer's liability, and it may therefore be disregarded; and, second, that the employé shall be left to his remedy at law against the third party, and compensation shall not be payable under the provisions of the act. The last clause appears to this court to be the deciding point in the case. If the plaintiff has a legal remedy at law against the third party, she cannot receive compensation under the act.

But the fact affirmatively appears that she has received this compensation. While it may not be conversely true that she, by accepting compensation under the act, has foreclosed her right to prosecute her

claim against the third party, it must be true that, in the event she recovered damages against the third party, she could not retain the compensation under the act; else the provision that she could not receive such compensation would be held for naught, which was manifestly not the intention of the Legislature in adopting the particular phraseology. In other words, she cannot receive both damages and compensation. She is within the act as to compensation if she desires to be, and in this case has brought herself within its provisions; but she cannot retain this compensation and also receive damages from the third party. It might be that in the event a suit were instituted against the third party, and it were decided by the courts that the third party was not legally liable, the plaintiff would still have her remedy under the act for compensation. If she cannot, however, receive compensation under the act and also receive damages against a third party, the only reasonable rule which this court can figure out to cover a case with this point involved would be that the party injured, or his legal representatives, must first have adjudicated the rights accruing upon the legal liability of the third party, which adjudication, by the recovery of damages against the third party, would foreclose her against any compensation under the act. If that adjudication were adverse, and no damages were recovered, she would still have her rights under the Compensation Act. If the holding were otherwise, and in the event the plaintiff were successful in this suit, and recovered damage, which damage was less than the compensation received under the act, and the plaintiff could not be afterward compelled to return the compensation to the state on account of financial irresponsibility, she would be receiving compensation not allowed by the act.

Under these circumstances, I feel that the demurrer must be overruled, which allows the affirmative defense of the defendant to stand as a bar to the action of plaintiff in this case, and the petition must therefore be dismissed, at plaintiff's costs. It may be provided, however, in the order, that such dismissal is without prejudice, so as not to penalize plaintiff unduly in any right which she may be advised that she has, as set out in her petition here, so that, in the event she returns the compensation received under the act to the state department from which it came, and makes a sufficient showing to the effect that she was not sufficiently advised as to her rights in the premises when she accepted compensation under the act, that she may again file her action for damages against the defendant.

As to whether or not in the event she were unsuccessful in her new action against the defendant in being awarded damages on account of its legal liability, she could then pursue her remedy for compensation, having already once pursued it and returned the award, is not necessary for this court to decide, as it would involve a matter to be passed upon by the State Court in again awarding or refusing to award such compensation.