## Maryland Casualty Company v. Huffaker's Administrator.

(Decided January 15, 1929.)

WHEELER & HUGHES for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The facts leading up to the institution of this suit as they appear in the record are these: In May, 1922, William J. Huffaker was employed in a garage in Paducah conducted by Payne & Burnett. While at work he was run into by the automobile of Mrs. Margaret Johnson, being driven by her husband, Dr. Campbell H. Johnson, and suffered injuries which caused his death a few days later. His employers were operating under the Workmen's Compensation Act, and his mother, Mrs. Mary Huffaker, was his sole dependent. A settlement was made under the provisions of the act, whereby she should be paid $11.70 a week for 335 weeks, an aggregate of $3,319.50.

Oscar L. Holmes qualified as administrator of the estate of William J. Huffaker, and filed suit for damages against Mrs. Johnson. In her answer she alleged that the plaintiff, as administrator, had made a settlement with Payne & Burnett for all damages arising from the

injury and death of Huffaker, and further pleaded that under section 4890 of the Statutes, as amended by chapter 50 of the Acts of the General Assembly of 1922, they were claiming the right and were entitled to recover against her "any sum of money that they have paid or agreed to pay or become bound to pay the plaintiff as administrator of said decedent." Mrs. Johnson pleaded that as a matter of law any judgment recovered against her should be credited by the sum that the decedent's employers "have paid or have agreed to pay or are bound to pay under the operations of the Workmen's Compensation Law," and asked that it be done. Payne & Burnett responded that they had agreed to pay, and were paying through their insurance carrier, the amount of compensation above stated, and alleged their liability for a continuation of the payments through their insurance carrier to the administrator and to the mother, and further pleaded that their insurance carrier was entitled to recover the aggregate sum against Mrs. Johnson, if it should be determined and adjudged that she was liable for the negligent destruction of the power of Huffaker to earn money, and made their answer a cross-action against Mrs. Johnson.

In that action the appellant in this case, Maryland Casualty Company, filed its petition and asked to be made a party. It alleged that it was the insurance carrier of Payne & Burnett, under the provisions of the Workmen's Compensation Act, and set up the agreement and settlement which it had made with Huffaker's administrator and his dependent mother, whereby it had "contracted and agreed to pay said dependent" the amount stated, and further averred it "is now paying said sum and is bound to pay said sum of $11.70 per week, and will continue to be bound to pay said weekly sum until the total of $3,919.50 has been paid to said dependent." It asserted the right as the insurance carrier for Payne & Burnett to recover from the defendant, Mrs. Johnson, any sum which it was bound to pay, if it should be adjudged that she was liable for the death of William J. Huffaker, and prayed that whatever judgment was recovered against Mrs. Johnson be credited by the sum of $3,919.50, "the amount this petitioner will pay." The suit resulted in a judgment against Mrs. Johnson for the sum of $10,000. Thereafter the Maryland Casualty Company filed its motion to have the judgment credited

by the sum of $3,919.50, "the amount proven to have been *paid and to be paid* to the decedent's dependent mother under the terms of the Workmen's Compensation Law by the insurance carrier of Payne & Burnett, the Maryland Casualty Company."

The judgment was accordingly credited by that sum. It appears that these weekly payments were made to the dependent mother until they had amounted to $2,744.50 when Mrs. Huffaker died, leaving unpaid $1,175 on this account. After her death, the estate of William J. Huffaker having been settled, Oscar L. Holmes qualified as administrator de bonis non, and filed this suit against the Maryland Casualty Company to recover the balance of $1,175.

The foregoing facts are set up in the petition, and it is alleged in addition that the Maryland Casualty Company had before the accident issued its policy of insurance to Mrs. Margaret C. Johnson, "agreeing to pay for any damages done by her automobile," and that it was responsible for the judgment rendered against her by reason of the death of William J. Huffaker. So it is made to appear that the appellant was carrying insurance for both Huffaker's employers and the person who became liable for his death, and was therefore obligated to pay the entire judgment. The defendant admitted these allegations, but denied liability on the grounds herein appearing. By agreement the case was transferred to equity, and the chancellor rendered judgment against the appellant company for the amount sued for, namely, the balance of $1,175.

■ Appellant insists that the appellee cannot maintain this action, because there was no contractual relation or privity of interest existing between it and the decedent or his personal representative, with respect either to the insurance contract executed by it with Mrs. Johnson or that with Payne and Burnett. It relies upon a quotation from Cyc. in Fidelity & Casualty Co. of New York v. Martin, 163 Ky. 12, 173 S. W. 307, L. R. A. 1917F, 924, to the effect that there is no privity of contract between an injured employee and the insurance carrier of his employer. In that case it was held that an employee, who recovered judgment against an employer on account of injuries sustained, could not compel the satisfaction thereof by an insurance company which had indemnified the employer against loss; the rationale of the conclusion

being that the company had not insured against liability, but had agreed to refund any amount paid out by the employer under certain conditions, and it appeared that the employer had not paid out anything. The facts of this case are materially different, and it does not seem to us the principle is applicable. Here the appellant insurance company came into the original action and set up its contract with the administrator and dependent of the decedent and its obligation to pay the amount now sued for. By both petition and motion it asked that the court do that which was done, namely, to credit the judgment by the amount which it stated it would pay to the beneficiary of its indemnifying contract with the employer, which beneficiary happened also to be the ultimate beneficiary of the judgment against the wrongdoer. The question of noncontractual relation is therefore eliminated from this case.

■ The appellant's contention that this action is a collateral attack on the original judgment appears likewise to be untenable. A judgment in the usual form was rendered against Mrs. Johnson for the sum of $10,000, with the following addition: "Then came defendant, and the Maryland Casualty Company, and filed written motion and moved the court to credit the verdict and judgment herein by the sum of $3,919.50, the amount proven to have been paid to the mother of decedent under the terms of the Workmen's Compensation Law of Kentucky."

Thereafter another order was entered reading as follows: "The motion of the defendant, Mrs. Margaret Johnson, to credit the judgment heretofore rendered against her in favor of the plaintiff, Oscar L. Holmes, administrator of the estate of Wm. Huffaker, deceased, by the amount which the employers of said decedent *have paid, and become obligated to pay* to the dependents of said decedent under the provisions of the Kentucky Workmen's Compensation Law, viz. $3,919.50, is, upon the court being advised, sustained, and it is ordered that said judgment of $10,000 be credited by $3,919.50, to which plaintiff objects and excepts. It is therefore ordered that the plaintiff, Oscar L. Holmes, recover of the defendant, Mrs. Margaret Johnson, the sum of $6,080.50, same being the balance due after said judgment has been so credited."

Two days later was entered the following order, which appellant contends is a bar to recovery in this suit, and which it says is being collaterally attacked, viz.: "Came plaintiff by attorneys in open court and acknowledged receipt in full from the defendant of $6,080.50 in full satisfaction of amount due on judgment rendered in this case at this term of court, less costs to be paid by defendant."

This entry of satisfaction must be read in connection with the preceding orders. The effect is that there was no showing of satisfaction of the entire judgment. There was manifestly no intention to acknowledge receipt of payment of any sum which the orders expressly show would be paid in the future, and taken together the orders are not to be so construed. This suit, therefore, is not an attack on a judgment, but is an effort to enforce satisfaction thereof, or rather to enforce the collection of so much as had not been paid.

■ It is further claimed there is no right of recovery because the matter is res judicata. For the present purpose appellant's participation in the original suit may be deemed sufficient to make it a privy of the defendant in that action, and hence its rights and liabilities, as well as those of the appellee, were adjudicated, and all are bound by the judgment and orders in that case. It is obvious, however, that nothing was adjudicated in the former action, except the responsibility of Mrs. Johnson, the amount of damages, and the method of payment thereof. The essence of the foregoing orders and our conclusions respecting their effect, as stated, would seem to dispose of this contention also. The orders simply disclose the manner or method in which the judgment had been and would be satisfied, and since it appears that it has not been fully satisfied there is nothing in the orders that bars this suit to recover the balance.

■ Under the provisions of our Workmen's Compensation Act (section 4894, Statutes), compensation awarded to a dependent ceases at the death of such dependent. Appellant asserts that Huffaker's administrator elected to accept credit on the Johnson judgment for the amount of compensation to be paid the dependent under the provisions of this statute, instead of proceeding to collect the entire judgment from the defendant in that action, and consequently he assumed the risk of losing whatever sum remained unpaid, if any, upon the

364

death of the dependent mother. Let us look at the equity of the situation. Mrs. Johnson was liable for $10,000 on account of the loss of Huffaker's life. His employers or their insurance carrier had the right under the law to recover from her as the wrongdoer the amount payable by them to his dependent. The appellant company had insured all of these parties against liability arising from this accident. It stood in the place of each of them. In theory the appellant paid Mrs. Johnson $10,000; she paid the administrator $6,080.50, which he paid the decedent's mother as sole heir; and the balance of $3,919.50 she paid Payne & Burnett, who refunded the sum to appellant, because it had assumed to disburse it in weekly payments to the mother as dependent of their employee, but has paid only part of it. Appellant states that it actually paid the $6,080.50 on the judgment direct to the administrator, and $2,744.50 to the dependent mother. The result has been that, under an arrangement made at its own instance, the appellant Casualty Company has paid out $8,825 on account of its liability for $10,000, and has thereby profited to the extent of $1,175 at the expense of Huffaker's estate. It cannot be reasonably contended that any such result was ever contemplated. The lower court, therefore, rightly refused to give judicial approval to such interpretation of its orders.

Brushing aside form and technicalities, and looking to substance and actualities, appellant still owes the balance under its commitments; so the judgment must be and is affirmed.