## Stiglitz Furnace Company et al. v. Stith's Administrator et al.

## Same v. Alford's Administratrix et al.

(Decided April 22, 1930.)

TRABUE, DOOLAN, HELM & HELM for appellants.

GREEN & GREENBAUM and PETER, LEE, TABB, KRIEGER & HEYBURN for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

These cases involve the construction in an important respect of the Workmen's Compensation Act (Ky. Stats. secs. 4880-4987). It relates to the right of an employer or his insurance carrier to recover from a third party in whom liability for damages exists by reason of the death of the employee, or the right of subrogation to the claim of the deceased employee's dependents against the wrongdoer. The two cases, being identical, have been heard together, and the appeals are considered in one opinion.

Charles Alford and William Lee Stith, employees of the appellant, Stiglitz Furnace Company, were killed when a truck on which they were riding was struck by a car of appellee Louisville & Interurban Railway Company on June 26, 1928. A few days thereafter their respective personal representatives filed suits for damages against the railway company. Recognizing its liability under the Compensation Act, the furnace company and its insurance carrier, the appellant Union Indemnity Company, made settlements with the beneficiaries under the act, which were approved by the Compensation Board in October, 1928. The award on account of Stith was to a minor child, and that on account of Alford was to his widow and minor children. The award to each group was the maximum of $4,075.

The employer and its insurance carrier thereafter filed a joint intervening petition in each of the damage suits in which was stated their interest and liability. It was therein charged that the death of the employee was caused solely through the gross negligence of the railway company, and that it was legally liable in damages in excess of the amount for which the employer had become liable. They prayed that the Union Indemnity Company recover in its own name from the railway company any sum of money which the personal representative might be found to be entitled to recover against the railway company, not to exceed, however, $4,075, and that the administrators be adjudged entitled to any recovery in excess of that sum.

Both the railway company and the administrators filed demurrers to these intervening petitions. Being at first overruled, answers were filed by the railway company pleading, among other defenses, that a settlement had been made with each personal representative for $2,000 some time prior to the filing of the intervening petitions. Upon considering demurrers to these answers, the court set aside previous orders, and sustained the demurrers to the intervening petitions. Resting their cases on that decision, the intervening petitions were dismissed, and these appeals follow. We are not concerned with any other issue than the sufficiency of the intervening petitions, which is dependent upon the interpretation to be given the staute.

Under the act, compensation for injury or death of an employee is payable because of the contract relationship, irrespective, usually, of the cause of the injury. So,

when this liability arises through the negligence or wrongdoing of another person, the indemnification of the employer is a natural and reasonable requirement. Provision for this is made in section 4890 of the Statutes, which is quoted for convenient consideration:

> "Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act either the employer or his insurance carrier, having paid the compensation or having become liable therefor, shall have the right to recover in his or its own name or that of the injured employee from the other person in whom legal liability 'for damages exists not to exceed the indemnity paid and payable to the injured employee."

The right of the employer to subrogation to the claim of the employee and for a division of the proceeds of recovery from a stranger has been frequently recognized where the injuries were not fatal. Illustrative cases are Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Williams v. Brown, 205 Ky. 74, 265 S. W. 480; Berry v. Irwin, 224 Ky. 565, 6 S. W. (2d) 705. But the court has not hitherto been called upon to consider this right in respect to injuries which resulted in the death of the employee. On first impression it would seem there should be no distinction between the two character of cases. But undoubtedly there is.

Unless the quoted section of the statute is to be diagramed in the manner submitted by appellants, or it be read with the rest of the law as its context, the right on the part of the employer or insurance carrier to reimbursement from tortious third persons does not exist when death has resulted, for, by the literal terms of the section, it is restricted wholly to nonfatal injuries. It is to be noted that the section speaks of *injuries* sustained; establishes the option of the *injured* employee to proceed against the wrongdoer to recover damages or to

claim of his employer compensation under the act, or proceed against both—conditioned, however, that he shall not collect from both parties—and gives to the employer and the insurance carrier the right in the name of the *injured* employee to recover indemnity from the person creating the liability. Referring to section 4880 and other provisions of the act relating to liability of the employer for compensation to dependents where death results from injury sustained, appellants point out that the opening clause of section 4890 makes its terms applicable "whenever an injury for which compensation is payable under this act shall have been sustained," etc. This, they say, makes it evident that the section applies to every case arising under the act, and contend that the words "injured employee" are to be considered as a generic term, comprehending all employees injured for which compensation is payable whether the injuries be fatal or nonfatal. Following this opening clause, it is argued, the section provides for two separate rights; namely: (a) For the benefit of the injured employee; and (b) for the benefit of those against whom the award has been made, which is in these words:

"... and if compensation is awarded under this act either the employer or his insurance carrier, having paid the compensation or having become liable therefor, shall have the right to recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employee."

There is force in this diagrammatical construction, and yet the section is in one entire sentence, with its clauses all closely and directly connected. It is not free from ambiguity.

For the correct interpretation, we must bring to bear the evident intention with which the law was framed. The right and justice of all the respective claims and obligations arising from this law must be recognized and adjudged.

Conditions are to be conceived where it would be unjust to restrict this right of subrogation solely to instances where the employee has sustained nonfatal injuries. His death which might create against the employer an increased liability ought not at the same time relieve the wrongdoer of his obligation of reimbursement; nor

ought it enable those suffering loss by reason of his death to recover compensation under the act and duplicate the recovery by collecting damages from the third party. The purpose of this provision of the statute was to compel the one whose conduct created the liability to bear the burden and to pay for his negligence or wrong-doing and not to permit recovery of double compensation for the loss sustained. Book v. City of Henderson, supra; Williams v. Brown, supra. Hence, to confine the right of subrogation to nonfatal injuries and make it dependent upon the employee surviving his injuries would be doing violence to the manifest intention of the act and shocking to the sense of justice.

Accentuating the conclusions that the section is not to be thus construed is the thought that it does not give to the injured employee any right he did not already possess, for the act throughout recognizes and continues in force all his existing legal remedies against third persons. The purport of the section is principally to provide protection for the employer and his insurer. It provides for their subrogation in case the employee elects to pursue the stranger and places those who pay compensation in the first instance in his position in respect to the remedies held against the tort-feasor.

On the other hand, conditions are readily conceived where a result equally as unjust would be reached if there should be given an unlimited right of subrogation where the injury is fatal. It is not in every case that the beneficiaries under the Compensation Act are the same as those who are entitled to recover damages arising from the loss of the employee's life through negligence or wrongdoing of a third party. For instance: An employee had a dependent mother and sister, also a wife who had voluntarily abandoned him, but not divorced, and a self-sustaining son over twenty-one years of age. The employee has been killed through the negligence of a third person. Under the Workmen's Compensation Act (section 4894, Statutes), his employer becomes liable for compensation to the mother and sister only. Under section 6 of the Statutes the right of action against the third party for damages is in his personal representative for the benefit of the wife and son only. While the employer's obligation in this supposed case has been created solely by the third person, since it is to persons who have no legal redress against him, he cannot under the act be compelled to save the employer harmless. By

law his liability is to others. This would result in double payment because of the employee's death. Nevertheless the statute does not seem to provide against it. Under section 241 of the Constitution, the General Assembly may provide how recovery of damages for death which is the result of negligence or wrongful act shall go or to whom it shall belong. The state may limit rights as well as create new ones. This it has done by enacting section 6 of the Statutes and the Workmen's Compensation Act. So no right of subrogation would exist in the supposed case.

Further illustrating: The supposed employee's wife and mother might be dependent upon him, and his son alone be self-sustaining. The compensation would then be paid the wife and mother, and the damage recovered from the third party be paid the wife and the son. In such case the wife would be recovering double indemnity, which is not contemplated by the law. It would seem, therefore, that the employer ought to recover in his own name from the third person the sums which he has paid or become liable to pay to the dependent wife only, and that compensation to her for loss she has sustained ought not to be duplicated.

The right to maintain an action on a tort where death has resulted is exclusively vested in the personal representative of a decedent, and the beneficiary of the action may not legally compromise or settle the claim so as to affect the suit; but, if he does so, any judgment recovered by the personal representative should be credited by the amount paid the beneficiary. City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 207. So, too, was this rule applied in Maryland Casualty Co. v. Huffaker's Adm'r, 227 Ky. 358, 13 S. W. (2d) 260, where a judgment in the tort action of the administrator was credited by the amount awarded under the Compensation Act to the beneficiary of the judgment, although the ultimate point involved in the case is different from that now before us, and no question was therein raised as to the right of subrogation in a death case. In those cases the indicated rule, whereby the party responsible for the death is made to bear the consequences, was sustained, yet at the same time duplication of compensation was avoided. There is, therefore, authority for this mixing of similar adjudicated and agreed claims, and for adjusting payments made in satisfaction thereof.

18

It is the conclusion of the court that it was the intention of the act to provide, and that it does provide, for the right of subrogation on the part of the employer against third persons to the extent that the employer has become liable for compensation to a dependent to whom the wrongdoer is also liable. This, of course, within the limits prescribed clearly by the act. Where the beneficiaries are not the same, there has been no provision made. So there may be cases where the right is pro tanto. Such is the spirit of the act as gathered not only from the terms of section 4890 but from a harmonious consideration of the entire instrument and the adjudicated cases cited. Considering its beneficent purpose to secure compensation for losses which result from accident to an employee and as well to secure a fair and just distribution of the burdens and losses, the end thus achieved is consonant with the conception of Workmen's Compensation Acts, which is to make the employer liable to dependents of their employees sustaining fatal injury arising out of and in the course of their employment, to prevent double indemnity by reason of the loss, and to permit recovery by the employer or his insurer over against the third person whose tort has brought about the loss and created the liability.

The respective intervening petitions having properly alleged that compensation is being paid dependents of the deceased employee who are also entitled to receive any damages recovered from the railway company, they stated a legal right or cause of action, and the demurrers to them should have been overruled.

The judgments are reversed for consistent proceedings.

Whole court sitting.