## Napier v. John P. Gorman Coal Company.

(Decided November 10, 1931.)

128

RO'Y HELM and WOOTTON, HELM & WOOTON for appellant.

WILLIS REEVES for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The crucial question now to be determined is whether a voluntary settlement by the personal representative of a deceased employee with an alleged wrongdoer for damages for causing the death of the employee constituted a bar to a claim by his dependents against his employer for compensation under the Workmen's Compensation Law of Kentucky (Ky. Stats., secs. 4880-4987), when the amount recieved in the settlement is less than the amount of compensation authorized by the law.

Calloway C. Napier, in the course of his employment by the John P. Gorman Coal Company, was killed through the alleged negligence of the Louisville & Nashville Railroad Company. Napier was survived by three dependents. The personal representative settled with the railroad company for $300, and executed a release "in full discharge and satisfaction of all claims, demands or causes of action of every character whatsoever which the estate of Calloway C. Napier deceased, has as a result of injuries to and loss of life," in an accident on a specified date. The widow thereafter applied for compensation for herself and two infant children, and the coal company interposed the settlement and release made by the administrator as a bar to the claim for compensation. The Workmen's Compensation Board found the facts essential to an award under the act in favor of the applicant, but denied the relief on the sole ground that the settlement by the administrator with the railroad extinguished the right of the dependents to claim compensation from the coal company. The circuit court upheld the action of the Workmen's Compensation Board, and the widow of Napier has prosecuted an appeal.

The statute reads:

"Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under the act either the employer or his insurance carrier, having paid the compensation or having become liable, therefor, shall have the right to recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employee." Ky. Stats., sec. 4890.

It is settled by prior decisions that the collection of compensation under the Workmen's Compensation Act does not bar an action against the wrongdoer to recover damages for the injury or death; but the recovery of full damages is not allowed. The amount of compensation received by the injured employee, or, in the event of fatal injury, by the dependents, must be credited upon the amount recovered from the wrongdoer, and only the excess of the damages over the compensation collected is recoverable. If the dependents of a deceased employee entitled to compensation are not the same as the beneficiaries entitled to the damages recovered by an administrator, the wrongdoer may not claim any credit for the compensation paid. Cf. Stiglitz Furnace Co. v. Stith's Adm'r, 234 Ky. 12, 27 S. W. (2d) 402. The wrongdoer, however, does not escape the payment of full damages. He is liable to the employer or his insurance carrier for the amount of compensation paid or to be paid to the injured employee or to his dependents in cases of death of the employee. In other words, the injured employee or his dependents, in case of his death, are permitted to collect the full compensation authorized by the Workmen's compensation Act, and if the damage to the employee or to his estate, if death resulted, is greater than the compensation collected by the employee or his de-

pendents, the injured employee, or his administrator may recover the additional damages from the wrongdoer. The employer who has paid or become bound for the compensation, or his insurance carrier, in the same circumstances, may recover to that extent from the tort-feasor. Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Williams v. Brown, 205 Ky. 74, 265 S. W. 480; Berry v. Irwin, 224 Ky. 565, 6 S. W. (2d) 705; Maryland Casualty Co. v. Huffaker, 227 Ky. 358, 13 S. W. (2d) 260; Stiglitz Furnace Co. v. Stith, 234 Ky. 12, 27 S. W. (2d) 402.

Indeed, in actions to recover damages from the alleged wrongdoer, the practice has been approved of permitting the intervention of the employer or his insurance carrier, for the purpose of settling the whole matter without circumlocution. In such situation, the full damages is ascertained with direction to pay the employer or his insurance carrier the amount required to reimburse them for compensation paid, and to pay the balance to the injured employee, or, in death cases, to his personal representative. Williams v. Brown, supra; Maryland Casualty Co. v. Huffaker, supra; C. & O. R. R. v. Warnock's Adm'r, 232 Ky. 340, 23 S. W. (2d) 558.

In cases heretofore considered by this court, the compensation had been collected, and the effect of such payment was to be determined in an action for damages against the alleged wrongdoer. It is now presented in reverse order. The settlement with the alleged tort-feasor by the administrator was concluded in advance of the application for compensation by the dependents. It is urged that the employer is released from the duty to pay compensation under the act by the settlement voluntarily made with the wrongdoer. The theory of the argument is that the right of indemnity of the employer against the wrongdoer was thereby extinguished. Analogy is sought in cases of equitable subrogation under contracts, where a settlement with the principal extinguished the whole right, and precluded the assertion of a derivative right. 14 R. C. L. 1404, sec. 568; Packham v. German Fire Ins. Co., 91 Md. 515, 46 A. 1066, 50 L. R. A. 828, 80 Am. St. Rep. 461. Auto Owners' Protective Exchange v. Edwards, 82 Ind. App. 558, 136 N. E. 577. Insurance Co. of North America v. Fid. Title & Trust Co., 123 Pa. 523, 16 A. 791, 3 L. R. A. 586, 10 Am. St. Rep. 546. But the premise is unsound, and the whole argument is predicated upon a fallacy. The right of the employer to recover from a negligent third party

indemnity for compensation paid as a result of the negligence of the third party, is not derived from the injured person, and is not defeated or determined by his action. Cf. Remedial System of Loaning v. N. H. Fire Ins. Co., 227 Ky. 652, 13 S. W. (2d) 1005. The right of indemnity in such case is created by the statute, and depends upon the concurrence of two facts. The first fact is the payment or obligation to pay compensation under the Workmen's Compensation Act, and the second fact is that the injury for which the compensation was due was caused by the negligent or wrongful act of the third party. If these two facts are established, the right to indemnity exists by virtue of the express provision of the law. The right of the employer in such situation cannot be defeated by any act of the injured employee or of his personal representative, except to the extent that, when the damages collected exceed the amount of compensation due or authorized by the law, all remedy is exhausted. Of course, if the injured employee or his personal representative, in case of death, recovers full damages from the wrongdoer, and it equals or exceeds the amount of compensation authorized by law, the claim for compensation is no longer available. The entire cause of action then has been satisfied. Complete restitution has been made by the party primarily responsible. Since the recovery of damages in excess of the authorized compensation is a complete satisfaction, the employer is no longer liable for compensation, and, of course, has no right against any wrongdoer. But where the damages are recovered or received from the wrongdoer in an amount less than the compensation authorized by law, the employee may proceed to collect any balance of the compensation due him, giving the employer credit on the compensation for the amount received from the wrongdoer. And the employer may recover reimbursement from the wrongdoer, if the amount paid by him to the injured person or his representative did not equal or exceed the whole damage inflicted by the wrongdoer.

It is the purpose, policy, and provision of the law that the wrongdoer shall be liable for the whole damage caused by his wrongful act. Const., secs. 54, 241; Ky. Stats., sec. 6. There is no purpose evinced by any legislation in this state to reduce or impair that liability. Book v. City of Henderson, supra.

But it is also the policy of the law that an injured employee or his dependents, in case of his death, shall have the amount of compensation authorized by the Workmen's Compensation Law, and both remedies may be pursued until full compensation has been collected. An injured employee may not duplicate his damages, but he may pursue the wrongdoer for any damages sustained in excess of the compensation collected from his employer. And he may collect from the wrongdoer, and still seek his remedy for compensation if the amount realized from the wrongdoer is less than the authorized compensation. The third party may interpose all defenses against the employer or his insurance carrier that he could invoke against the employee or his personal representative. The result is not to compel the wrongdoer to pay double damages for a single wrong, but to require full restitution to all the parties injured by the wrongful act. The parties injured by the negligent or wrongful act of the third party, in a case like the one at bar, are the injured employee or his representatives, and the employer or his insurance carrier, who has been compelled to pay compensation as a result of the wrong. Staten Island Rapid Transit Co. v. Phoenix Indemnity Co., 281 U. S. 98, 50 S. Ct. 242, 74 L. Ed. 726, affirming 251 N. Y. 127, 167 N. E. 194.

The state has provided that the injured employee or his personal representative may have a right of action against the wrongdoer for injury inflicted by a negligent or wrongful act. It has provided also that the employer or his insurance carrier, who has paid, or become bound to pay, compensation, may have a right of action against the wrongdoer to the extent the wrongful act resulted in loss to him. Such is the common provisions of the Workmen's Compensation Laws, and it has been sustained uniformly. The question has been before the courts many times in many forms, and the great weight of authority sustains the conclusions announced in this opinion. Gones v. Fisher, 286 Ill. 606, 122 N. E. 95, 19 A. L. R. 760; annotation entitled, "rights and remedies where employee was injured by third person's negligence," page 766 of 19 A. L. R.; O'Brien v. Chicago City R. R. Co., 305 Ill. 244, 137 N. E. 214, 27 A. L. R. 479, annotation continued under same title, page 493; Travelers' Ins. Co. v. Brass Goods Mfg. Co., 239 N. Y. 273, 146 N. E. 377, 37 A. L. R. 826; Reutenik v. Gibson Packing Co., 132 Wash.

108, 231 P. 773, 37 A. L. R. 830, annotation continued; Benoit Coal Co. v. Moore, 215 Ala. 220, 109 So. 878; Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858; Rosenbaum v. Hartford News Co., 92 Conn. 398, 103 Atl. 120, L. R. A. 1918F, 521.

The circuit court and the Workmen's Compensation Board erred in dismissing the application for compensation, and, since the facts necessary to entitle the applicant to relief were found in her favor, the erroneous ruling was on a question of law. Marion Mining Co. v. Bowling, 239 Ky. 724, 40 S. W. (2d) 370; Broadway & Fourth Ave. Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988. The circuit court should have rendered a judgment for the amount of compensation due the dependents, less the amount received by the administrator from the railroad company.

The judgment is reversed for a judgment in accordance with this opinion.

The whole court sitting.