**LIBERTY MUTUAL INSURANCE CO.,
Appellant,**

v.

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY and Fruit Growers Express Co., Appellees.**

Court of Appeals of Kentucky.

June 12, 1970.

Gavin H. Cochran, Marshall, Cochran, Heyburn & Wells, Louisville, for appellant.

Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Louisville & Nashville Railroad Co.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, for Fruit Growers Express Co.

DON A. WARD, Special Commissioner.

This is an appeal from a judgment of the Jefferson Circuit Court dismissing so much of the complaint of appellant, Liberty Mutual Insurance Company, against both appellees, Louisville & Nashville Railroad Company and Fruit Growers Express Company, as sought to recover hospital and medical expenses in the amount of $11,051.14.

The cause of action arose out of an accident which occurred on February 16, 1966, while Raymond R. Matthews, an employee of the Pet Milk Company, was loading a box car in the regular course of his duties at his employer's plant in Bowling Green, Kentucky. The box car had been furnished to the Pet Milk Company by the Louisville and Nashville Railroad Company for loading with freight. The car was owned by the appellee, Fruit Growers Express Company. While he was loading this car, the load divider door inside the box car fell on Matthews and injured him. As a result of the injuries, Matthews died on August 22, 1966.

At the time of the accident, both Matthews and his employer, Pet Milk Company, had accepted and were operating under the provisions of the Kentucky Workmen's Compensation Act. The appellant, Liberty Mutual Insurance Company, was the insurance carrier for the Pet Milk Company. Other than the weekly compensation benefits of $44 per week, for the period of his disability, which amounted to the total sum of $1,175.45 before the death, the appellant was also required to and did pay hospital and medical expenses of Raymond R. Matthews in the total amount of $11,051.14. The appellees settled a wrongful death claim asserted in a separate action filed by Matthews' personal representative in 1966 seeking damages for the destruction of decedent's power to earn money. Liberty Mutual intervened in that action and was paid $1,175.45 from the proceeds of the settlement.

This court is called upon to decide whether the Circuit Court was in error in holding that the appellant, Liberty Mutual Insurance Company, in its separate action

for indemnity could not recover against the Louisville and Nashville Railroad Company and the Fruit Growers Express Company the hospital and medical expenses which it had been compelled to pay.

The appellees argue that the appellant cannot recover the amount expended for hospital and medical expenses under the principle of the law of subrogation as set out in KRS 342.055, which reads in part as follows:

"If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."

The case of Stiglitz Furnace Company v. Stith's Adm'r, 234 Ky. 12, 27 S.W.2d 402, held that the employer or insurance carrier is subrogated to the rights of the personal representative of the deceased employee and when compensation is paid to individuals who are also beneficiaries of the decedent's estate and entitled to damages through a wrongful death action, the compensation payments are recoverable from the third party.

In the year 1968, KRS 411.133 was enacted whereby a personal representative of a decedent who was injured and dies by reason of the tortious acts of another, may in the same action recover both for wrongful death (destruction of the decedent's power to earn money) and also for personal injuries (pain and suffering of the decedent prior to death, and his medical expenses).

At the time of the institution of the wrongful death action here involved, the personal representative of the decedent was required to elect whether to sue for pain and suffering of the decedent which he endured before his death and hospital and medical expenses, KRS 411.140, or to sue for the destruction of the decedent's power to earn money, KRS 411.130, and in this case at bar, the personal representative of the deceased, Raymond R. Matthews, elected to sue for the destruction of the decedent's power to earn money. Therefore the damages recoverable were limited to such as would fairly and reasonably compensate the decedent's estate for the destruction of his power to earn money. Cuniffe's Ex'x v. Johnson, 279 Ky. 663, 132 S.W.2d 47.

It is insisted by the appellant that it is entitled to recover for the amount expended for hospital and medical expenses under the common law right of indemnity which was the basis of the independent action it filed against appellees.

The appellant bases its claim upon the law as set out in 42 C.J.S. Indemnity §§ 20 and 21, and upon the ruling of this court in the case of Ruby Lumber Co. v. K. V. Johnson Company, 299 Ky. 811, 187 S.W. 2d 449 and the case of Whittenberg Engineering and Construction Company v. Liberty Mutual Insurance Company, Ky., 390 S.W.2d 877.

The facts in the Ruby Lumber Company case, supra, are almost identical with the facts in the case at bar. This court permitted a recovery in the Ruby Lumber Company case and stated in part:

" * * * we find nothing which can be construed to deprive the subcontractor of the right to recoup at common law, limited in damages as is well settled, to the extent of compensation for which the subcontractor is liable by reason of the statute. * * * "

In the case of Whittenberg Engineering and Construction Company, supra, this court reaffirmed its decision in the Ruby Lumber Company case, and affirmed the judgment of the circuit court permitting the compensation insurance carrier to recover from the general contractor the amount of compensation benefits paid em-

ployees who had been injured by reason of the general contractor's negligence. In this cited case, hospital and medical expenses paid by the carrier were not discussed.

41 Am.Jur.2d, Indemnity, Section 20, pp. 706, 707, states:

"It has been said that the right of indemnity depends on the principle that everyone is responsible for the consequences of his own wrong, and if others are compelled to pay damages that ought to have been paid by the wrongdoer, they may recover from him.

" * * * Accordingly, it is generally held that a person who, without fault on his own part, has been compelled to pay damages is entitled to recover indemnity where, as between the parties to the indemnity action, the defendant is primarily liable while the plaintiff is only secondarily liable—that is, where the plaintiff is only technically or constructively liable to the injured party, or where his liability was based on a legal or contractual relationship with the defendant. * * * * "

This court decided the case of Simmons v. Clark Construction Company, Ky., 426 S.W.2d 930, wherein a judgment of the circuit court that denied any recovery by the injured employee and the estate of the deceased employee against the general contractor and the property owner was affirmed. Compensation coverage was carried by the subcontractor and no actionable negligence was shown to exist on the part of the general contractor or the property owner. The employees' actions for common law damages against the general contractor were properly dismissed.

The Simmons case differs from the case at bar in that in the instant case although the employer, Pet Milk Company, carried compensation coverage on its employees, yet the third parties are negligent and have no contractual relationship with the employer. For a related situation see Employers Mutual Liability Insurance Company of Wisconsin v. Griffin Construction Company, Ky., 280 S.W.2d 179.

In Kentucky Util. Co. v. Jackson County R. E. Coop. Corp., Ky., 438 S.W.2d 788, Norris, an employee of Jackson County Rural Electric Cooperative Corporation, was killed when the electric wires of that company crossed the electric wires of Kentucky Utilities, making contact. The personal representative of Norris in a common law action recovered against Kentucky Utilities. Kentucky Utilities and its insurance carrier sought to be indemnified against Jackson for the amount it had been compelled to pay by reason of the common law action. This court in reversing the circuit court stated in part as follows:

" * * * The right to recover indemnity exists in favor of the passively or secondarily negligent party against the actively or primarily negligent party where one of two parties does an act or creates a hazard by which the other party, though not concurrently joining in the act, is thereby exposed to liability to a third party."

*  *  *  *  *  *

"We think KU may properly recover by way of indemnity any reasonable and necessary costs expended by it in coping with Norris' claim."

In the case at bar, the appellant insurance company has the same right by statutory subrogation to sue and recover as had the employer, Pet Milk Company. The Pet Milk Company was in no wise negligent in causing the injuries and subsequent death of its employee. However, because of the compensation liability through its insurance carrier it paid certain compensation benefits and also hospital and medical expenses, to and on behalf of its employee.

We believe the real basis of the ruling of the circuit court from which this appeal is prosecuted was that Liberty Mutual's rights were derivative or obtained, or taken, through the rights of Matthews' per-

sonal representative against the appellees, and that since the personal representative of Matthews' estate elected to sue under the wrongful death statute, then the appellant insurer could have no greater· right.

The appellee in its brief cites the case of *Stiglitz Furnace Company v. Stith's Adm'r*, 234 Ky. 12, 27 S.W.2d 402. That case, however, merely confirms the right of the employer and its insurance carrier to statutory subrogation in a wrongful death action concerning the death of an employee covered by workmen's compensation prior to his death and to whom benefits have been paid. It does not purport to deal with the independent action for indemnity.

■ The appellees insist that the appellant is limited in its recovery to the actual compensation benefits paid, if at all, and that the appellant should not recover for hospital and medical expenses because such were not recoverable in the wrongful death action. This does not stand up to analysis because compensation for disability prior to death was no more a compensable item in the wrongful death action than were hospital and medical expenses. The right of indemnity exists independent of statute and, therefore, the elements of statutory subrogation do not control.

The appellees also refer to the case of National Biscuit Co. v. Employers Mut. Liability Ins. Co., 313 Ky. 305, 231 S.W.2d 52. In this case, an employee of Hinkle Construction Company, John Faulkner, was killed in a motor vehicle accident and the insurance carrier for Hinkle, Employers Mutual Liability Insurance Company, was compelled to and did pay the estate of Faulkner the sum of $4,950. Thereafter, the personal representative of the estate sued the owners of the truck which allegedly caused the accident, National Biscuit Company, for wrongful death and the insurance carrier intervened in the action under the subrogation section of the Workmen's Compensation Act. A judgment was obtained for only $1500 in that action,

which sum was paid to the insurance carrier leaving a difference of $3,450 which it sought to recover by separate action against National Biscuit Company. Although the circuit court permitted a recovery, this court reversed the decision, stating in part as follows:

"The insurance carrier's ·right to recover being derivative and not independent, it necessarily follows that its recovery cannot exceed the amount which the employee was entitled to recover. It was not the intention of the Legislature to make the amount of the award of the Compensation Board the measure of damages in an action by an insurance carrier against the wrongdoer for his negligent act. It is the purpose of the statute to reimburse the employer or his insurance carrier out of any recovery against the third party tort feasor to the extent of the award made under the Workmen's Compensation Act, but if the recovery is less than the award then only to the extent of the recovery. \* \* \* "

This case is distinguishable from the case at bar in that there the wrongful death action resulted in a judgment for a much less sum than the amount of the award of the Compensation Board. In this case at bar the compensation award, including the hospital and medical expenses, is considerably less than the amount recovered by the wrongful death action. Furthermore, the National Biscuit case was practiced purely as a matter of statutory subrogation to the amount of recovery and the issue of indemnity was not asserted.

■■ It is true we do not find any express authority for payment of the hospital and medical expenses in an action for indemnity, but neither do we find any express prohibition of such payments. Indemnity is simply the repayment to one party by another party who caused the loss, of such amounts the first party was compelled to pay. It is admitted that the hospital and medical expenses were actual-

ly part of appellant's liability under the workmen's compensation coverage. Appellant's right to be indemnified is limited, of course, to the extent of its liability.

The judgment is reversed with directions for further proceedings consistent with this opinion.

All concur.