JUDGE ROBERTSON
delivered the opinion ov the ooort:
In a petition in equity filed by the appellants against the appellee for enjoining a judgment he had obtained against them on a note to him signed by them and another, and for obtaining a decree of exoneration on the ground of unlawful indulgence, the appellants allege that they were only sureties, and that, without their consent, he had forborne to issue execution for more than a year in fulfillment of an agreement to that effect he had made with the principal obligor without their knowledge, for the binding consideration of ten per cent, advanced to him by their principal.
The petition was never answered; nevertheless, a rule was made on the appellants to prepare their case on the presumed ground that the petition had not alleged that the appellee knew that the appellants were mere sureties, the note not showing that fact on its face; and though, at a subsequent term, the appellants offered an amendment alleging that fact, yet the circuit court refused to permit the filing, and dismissed the petition without prejudice.
That judgment is palpabty erroneous. There was no necessity for a specific charge that the appellee, when he made the contract for indulgence, knew that the appellants were sureties. That knowledge is presumed from the simple fact that the note was executed to himself. But, had such allegation been material, the appellants had, before answer, the legal right, under the Code of Practice, to file the amended petition, and the court had no judicial discretion to reject it.
*19 If the allegations of the original petition be true, the appellants are clearly entitled to the relief sought. Their truth not being denied, stands, so far, admitted.
The judgment, so replete with error, is reversed, and the cause remanded for further proceedings consistent with the foregoing opinion.