Nichols & Co. vs. Burton, &c.

CASE 7—PETITION ORDINARY—JUNE 9.

# Nichols & Co. vs. Burton, &c.

APPEAL FROM SCOTT CIRCUIT COURT.

1. A suit and judgment against one partner on an individual acceptance given by him in payment of an account against the firm, merge the original debt of the firm, and preclude a suit against the other members of the firm for the same debt. (*Parsons on Partnerships, sec. 6, chap. 6, p.* 106.)

2. A judgment against one partner, whether the others be ostensible or secret, discharges the firm from liability to be sued for the same debt.

3. The reason for this rule, in case of a judgment, as well as of a bond, is, that the creditor, by taking the higher form of a judgment security, against one partner, for a debt due jointly from all the partners, thereby changes the relation and liabilities of the parties under the original contract, and cannot, therefore, afterwards hold them upon it, whatever may be his intention. (*Parsons on Partnerships, note l, p.* 108; *Ib.,* subsec. 3, sec. 2, *chap.* 13, *p.* 421.)

4. The creditor must bring a joint action against the partners, and though having done so, if one should be served with process and the other not, under our Civil Code, a judgment could be had against one and continued for service against the other, and a judgment subsequently had against him; in which case, the payment of one of the judgments would be a satisfaction of the other; but

5. The Civil Code does not authorize separate suits at different times against the partners.

M. POLK,                                    For Appellants,

CITED—

3 *Duer. N. Y. Rep.*, 249.

2 *Hilton's N. Y. C. P. R.; Benson vs. Paine.*

*Hill & Denio's N. Y.*, 392; *Moran vs. Vredenburgh.*

7 *Miss.*, 604; *Little vs. Davidson.*

1 *Watts & Serg.*, 334.

9 *Port.*, 98 ; *Lumpkin vs. Phillips.*

1 *Md.*, 492 ; *Davidson vs. Kelly.*

1 *B. Mon.*, 200 ; *Doniphan vs. Gill.*

2 *Rich.*, 601; *Gardner vs. Hurst.*

MILTON STEVENSON,                               For Appellees,
                          CITED—

1 *B. Mon.*, 200 ; *Doniphan vs. Gill.*

1 *Bibb*, 41; *Finnell vs. Martin.*

*Monroe & Harlan's Digest*, p. 17, *and cases there referred to.*

5 *John.*, 68 ; *Toby vs. Baker.*

3 *J. J. Mar.*, 195 ; *Bank of Commonwealth vs. Letcher.*
*Civil Code, sec.* 39.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The firm of Nichols & Co. being indebted to appellees by open account in the sum of one hundred and eleven dollars and sixteen cents, April 25, 1867, Nichols, one of the firm, gave his individual acceptance therefor, which not being paid, the appellees sued and obtained judgment thereon, and had a return of no property on execution. Subsequently, they brought this suit against Nichols & Lightburn, the original partners, who separately plead the said acceptance, suit, judgment, and execution, in bar thereof. There was but one witness in the case, the book-keeper of the plaintiffs, who proves the original indebtedness of the firm of Nichols & Co., and the acceptance by Nichols of the draft on him, but says he don't know how it happened to be on him alone; believes, however, it was an error, which is no evidence to establish such error. He says he took Nichols' acceptance without

VOL. V—21

authority, but says nothing as to who had the suit brought thereon.

Lightburn's counsel insists that he had withdrawn from the firm, and Nichols was to settle the firm indebtedness; but no such thing is presented in his answer, nor does it appear in the proof. So the case stands on the record, and the law applicable to the facts is thus presented:

In *Parsons on Partnerships, section* 6, *chapter* 6, *page* 106, it is said: " The firm would not be held if the creditor of the firm had accepted the individual security of the partner instead of the debt of the firm, provided the new individual indebtedness be of a higher nature than the firm debt, or payable sooner, or attended with some other advantage which might be regarded as a consideration; and a judgment obtained against one partner, whether the others be ostensible or secret, discharges the .firm from liability to be sued for the same debt." And in note *l*, referring to many authorities, English and American, corroborating this, it is said: "But this is not upon the ground that the creditor, who thus obtains a judgment against one partner alone, thereby agrees, or is on that account presumed to agree, to release the other partners. If that were so, the presumption might be rebutted; as, for instance, in the case of a secret partner, and the firm held, notwithstanding a prior judgment against one partner upon the same cause of action. *But the real reason in case of a judgment,* as well as of a bond, is, *that the creditor, by taking the higher form of a judgment security against one partner for a debt due jointly from all the partners, thereby changes the relation and liabilities of the parties under the original contract,* and cannot, therefore, afterwards hold them upon it, whatever may be *his* intention." Again, in

subsection 3, section 2, chapter 13, page 421, the same author says: "If the creditor has no security, and no paper evidence of his debt from the firm, and, after the partner retires, he accepts from the new firm, with knowledge of the retirement, the security or paper of the new firm, this would seem to be not only an assent on his part, but an assent upon consideration; for the acquiring either of additional security, or of paper which he may, by discount, at once convert into money, is consideration enough for the implied assent, even though there is no new partner in addition to the old in the new firm."

In this case, even if the acceptance taken on an open account by the clerk, without authority from the creditors, should not be of itself construed an implied assent to take Nichols and release Lightburn, certainly the subsequent suit and judgment is not only an affirmance of the clerk's action, but a merger of the original account. The creditors must bring a joint action against the partners, and, though having done so, if one should be served with process and the other not, under our Civil Code a judgment could be had against one, and continued for service against the other, and a judgment subsequently had against him, in which case the payment of one of the judgments would be a satisfaction of the other, this being an alteration of the common law rule; yet our Code does not authorize separate suits at different times against the partners. Here the cause of action, as against Nichols, was merged in the judgment, not only for the principal, but the accumulated costs. To allow another suit on the same debt against him would be unjust and illegal.

Nichols & Co. vs. Burton, &c.

Lightburn could not be sued on the original cause of action without joining with him his partner Nichols, as no other cause of action existed as to Lightburn. The creditors well knew the liability of Lightburn on the original cause of action when they brought suit against Nichols, and their suit and judgment against Nichols alone precludes them from resorting to Lightburn. If the situation of Nichols has since changed, that is the creditors' misfortune, growing out of their own conduct, and does not revive their original cause of action against Lightburn, which they have merged in their judgment against Nichols on his sole acceptance for this firm debt. Nothing now appearing in the cause authorized a judgment against the defendants. Indeed, the separate demurrers to the petition should have been sustained, as all the facts of Nichols' acceptance, the suit, and judgment thereon, appear therein, without any assigned cause in avoidance of the bar so presented; but all these presented by way of recovering the cost of the original suit, together with the costs of this one against Lightburn & Nichols, jointly, presenting the injustice of seeking to hold each responsible for the costs of the two suits.

The judgment being contrary to these principles, is reversed, with directions for further proceedings consistent herewith.