CASE 53—ORDINARY—FEBRUARY 23, 1881.

# Hunt, &c., v. Semonin, &c.

APPEAL FROM BUTLER COURT OF COMMON PLEAS.

1. A motion to dismiss a petition, on the ground that it does not contain a cause of action, or that there is a misjoinder of parties, is not the practice. The Code provides otherwise.

2. Notice that the plaintiff will amend his petition is only required where he amends without leave of the court, and within less than five days before the term at which the defendant must answer.

3. Only the individuals composing a firm can be sued. They may be sued jointly or separately, whether they do business in one or any number of firm names.

4. As no motion was made to compel appellees to elect on which cause of action they would proceed, the assignment of error in that regard cannot be considered.

B. L. D. GUFFY AND WM. WARD FOR APPELLANT.

1. Appellants' motion to compel appellees to elect which cause of action they would prosecute should have been granted.

2. The general demurrer should have been sustained.

3. Appellee should have given appellants notice of the filing of the amended petition.

4. The liability of appellants, if it existed, was joint. The judgment is against them as individuals.

LYSANDER J. SMITH FOR APPELLEES.

1. There was no motion made to compel appellees to elect.

2. The petition contains a complete cause of action.

3. Appellants were not entitled to notice of filing the amended petition. (Civil Code, secs. 110, 136, 132, 134, 102, 363, 48, 40; Nichols v. Burton, 5 Bush, 322; 1st B. Mon., 201.)

Hunt, &c., v. Semonin, &c.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Appellees instituted suit against appellants on two promissory notes, one signed Hunt & Bro., and the other A. Hunt & Bro., alleging that they were merchants and partners, doing business at Rochester, Kentucky. Appellant, A. Hunt, appeared, and moved to dismiss the petition on the ground that it did not show a cause of action against him, and because there was a misjoinder of parties defendant.

The court properly overruled the motion, if not for other reasons, because it was not the manner such defects in the petition could be reached, even if they existed.

There being no motion made to compel appellees to elect on which cause of action they would proceed, the assignment of error on that ground cannot be considered.

After the motion to dismiss was overruled the court permitted the appellees to amend their petition, and aver that the appellants were partners, doing business under the firm names of A. Hunt & Bro. and Hunt & Bro., and refused to continue the cause, and rendered judgment against the appellants, who have appealed. They filed no answer, and there is nothing in the record showing that they could not be ready for trial in consequence of the amendment. (Section 136, Civil Code.)

The appellants assert that they were entitled to one day's notice of the appellees' intention to amend their petition. Not so. Such notice is required only where the plaintiff amends his petition without leave, and less than five days before the term at which the defendant is summoned to answer, as section 132, Civil Code, plainly states.

In a case like this, the amendment being made by leave of court, and in the presence of the defendants, no notice is necessary.

It is insisted that it was error to render judgment against appellants as individuals, because the liability was shown to be that of two firms. Only the individuals composing a firm or firms can be sued. They are personally liable, and may be sued jointly or separately, whether they carry on their business in one or any number of firm names, where the same individuals compose each of the firms.

(Williams v. Rogers, 14th Bush; Sneed v. Kelley, 3 Dana, 538; Nichols v. Burton, 5 Bush, 322.)

Perceiving no error in the judgment, it is affirmed.