## E. W. Ross Company v. Akers.

(Decided September 30, 1921.)

### Appeal from Hardin Circuit Court.

1. Pleading—Leave of Court to Amend—Notice.—Under the provisions of section 132 of the Civil Code of Practice plaintiff may amend his petition at any time before answer without leave of court, but if the amendment is filed after the beginning of five days immediately preceding the convening of court, defendant

should be given one day's notice of plaintiff's intention to file it, and such notice is required though the amendment be filed after the convening of court if the defendant has not answered or taken any other defensive action; and the granting of leave by the court to file the amendment before answer, or other defensive action, can not dispense with the necessity of notice.

2. Overruled Cases.—The cases of Hunt v. Semonin, 79 Ky. 270, and Bryant v. Cooney, 19 Ky. L. R.; 423, in so far as they conflict with the above rule, are overruled.

IRWIN & IRWIN and AUGUSTUS E. WILLSON for appellant.

HAYNES CARTER and G. K. HOLBERT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellee and plaintiff below, Lee Akers, purchased from appellant and defendant below, E. W. Ross Company (a corporation), whose place of business is Springfield, Ohio, the material for a steel silo which was to be shipped by defendant to Sonora, Kentucky, f. o. b. car at Springfield, Ohio, and the silo was to be constructed by plaintiff out of the material purchased by him from defendant according to written directions furnished by it. There was a warranty that the silo, if constructed according to directions, would "not be affected by climatic conditions, that it is fire proof and storm proof and will not buckle or twist," and when so constructed it would "be the most practicable, most permanent and most efficient silo that can be erected." The order for the purchase of the material was given April 28, 1917, and on November 12, in the same year, this action was filed by plaintiff against defendant seeking to recover against it the sum of $3,000.00 as damages proximately resulting from a breach of the warranty. It was alleged in the petition, after averring the contract, including the warranty, that plaintiff had constructed the silo according to the directions furnished to him by the defendant and filled it with ensilage, but that on account of the defective material and the weakness of the walls, it buckled and twisted and fell against his barn, destroying the latter and some seed wheat and other articles therein and that the value of the ensilage and the articles destroyed amounted to the sum sued for.

Summons was served on S. G. Garlow, who was stated in the return made by the sheriff to be the "chief officer and agent of said defendant in this county." That return was dated more than ten days before the convening of

the next term of court and upon the convening of that term the plaintiff filed, as he claims "with leave of court," an amended petition in which he increased the amount of his damages, by enlarging some of the items stated in the original petition and incorporating others, from $3,000.00 to $5,124.46. The sheriff was permitted on plaintiff's motion to amend his return so as to conform to the rule of practice stated in the case of Youngstown Bridge Co. v. White's Admr., 105 Ky. 273. In his amended return he negatived the presence of any of the defendant's officers in the county preceding its managing agent, as set forth in subsection 33, section 732, of the Civil Code. Thereupon without answer, demurrer or any other defensive action on the part of the defendant, the petition and the amended petition, on motion of plaintiff, was taken for confessed and a jury was empanelled to assess the damages. After hearing evidence and receiving the instructions of the court it returned a verdict in favor of plaintiff for the sum of $4,571.46, which was $1,517.46 more than was claimed in the original petition. Judgment was rendered on that verdict and defendant has appealed and seeks a reversal upon the sole available ground that the court erred in taking for confessed any of the matters alleged in the amended petition and in submitting any of them to the jury.

Why the defendant did not appear and make defense we do not know from anything contained in the record, but there has been filed therewith since the appeal was taken a portion of a record in an action brought under the provisions of section 518, Civil Code, to obtain a new trial, and in that we learn that defendant contends that the person upon whom the summons was served was neither its managing agent not did he hold any office with it. We, however, cannot consider on this appeal any of the facts developed in that case, because (a), it is yet pending and undecided, and because (b), it could not affect the merits of this case, however decided, since the action for a new trial is one wholly independent of the original one and the judgment in the one or the other must stand or fall upon the merits of the case in which it was rendered regardless of the merits of the other one. Mason, Evans and Keys v. Meloan, 165 Ky. 582. We must therefore look alone to the record in the original case in disposing of the question raised.

In determining that question we have concluded to pass over the further one as to whether the amendment

was such as to require the service of a summons upon it in the absence of an entry of an appearance thereto, since we have concluded that under a proper construction of section 132 of the Civil Code it was necessary for plaintiff to give defendant one day's notice of his intention to file the amended petition. That section says: "The plaintiff may, at any time before answer, amend his petition without leave; but unless the amendment be filed five days before the term at which the defendant is summoned to answer, he shall give to the defendant notice, of one day, of his intention to amend."

The section prescribes a rule of practice and it should be liberally construed so as to carry out the purpose of the legislature in its enactment. This is not only the rule with reference to the interpretation of all statutes, but it is especially· enjoined by the provisions of section 733 of the Civil Code. The evident purpose of requiring one day's notice to the defendant of the intended amendment was to prevent him from being taken unawares and to give him time within which he might prepare his defense thereto, though the amendment might be strictly germane to the matters complained of in the petition and be such as not to require the service of a summons thereon. And the period of time within which the one day's notice was required should begin "five days before the term at which the defendant is summoned to answer," provided the amendment was filed "without leave" of court. The only time that a pleading may be filed *with* leave of court is after the answer is filed. Champion v. Robertson, 4 Bush 17, and Louisville & Nashville Railroad Co. v. Hall, 115 Ky. 567. The cases cited, as well as the section of the Code under consideration, sustain the right to file the amendment *without* leave of court at any time before the filing of an answer. On the other hand, after answer is filed no amendment of the petition may be made without leave of court. Mount v. Louisville & Nashville Railroad Co., 2 Ky. L. R. 221, and Petry v. Petry, 142 Ky. 564. Evidently, therefore, the giving of leave to file an amendment when under the practice no such leave was required and, therefore, given without authority, can not change the rules of practice governing the filing of amendments. It was no doubt the failure to observe this distinction that led this court in the case of Bryant v. Cooney, 19 Ky. L. R. 223, to hold that one day's notice of the filing of the amendment, as required by section 132 *supra* of the Code, was required

to be given only where the amendment was filed within five days immediately preceding the convening of court. A reading of that opinion will show that the amendment there involved was not only one to correct a formal defect, but it was filed "with leave of court," which was wholly unnecessary and, therefore, without any effect, since there had been no answer filed and plaintiff was entitled to amend his petition *without* leave of court. It is expressly held in that opinion that "the provision of the Code cited (section 132) has no application to pleadings filed by leave of court during term time." But the fact seems to have been overlooked by the learned judge, who wrote the opinion, that the leave of court there obtained (though given in term time) was entirely unnecessary and without authority and could not, therefore, alter the right of defendant to receive one day's notice of the intention to file the amendment, if it was filed at any time after the five days preceding the commencement of court, and was, therefore, one that could be filed under the condition of the record *without* leave of court. The opinion referred to is sound in so far as it holds that no notice is necessary when the amendment is filed *with* leave of court (which, as we have seen, is unnecessary till after the answer is filed), but we think it is erroneous in confining the requirement of notice to only five days immediately preceding the commencement of court, and in dispensing with notice if the amendment is filed during court but before answer.

In the case of Hunt v. Semonin, 79 Ky. 270, the amendment, which was also one to correct a formal omission, was filed *with* leave of court, but no answer had been filed and it was not necessary that leave should be obtained to file the amendment, and the court seems to have fallen into the same error as was done in the Bryant case, except that the record in that case affirmatively showed that the amendment was filed *in the presence* of defendants, and in holding that the notice was not necessary the court said: "In a case like this, the amendment being made by leave of court, and in the presence of defendants, no notice is necessary." To our minds no better case can be found than the instant one by which to illustrate the erroneous construction of the section of the Code under consideration by the opinions referred to in so far as they hold that leave of court, obtained when it was unnecessary, dispenses with the notice required by the section. The defendant in this case, knowing that

the plaintiff could amend his petition without notice up to within five days of the convening of the court, might have with the utmost diligence visited the clerk's office up to that time, and finding no amendment filed, and being unable to make a defense to the cause of action stated in the petition, concluded to save the expense of litigation by failing to appear and let judgment go by default. · If the rule, as construed by the cases *supra,* should be adhered to the plaintiff in such cases could amend his petition after the convening of court and without limit increase the relief sought and take the amendment for confessed when defendant might have one or more absolute defenses to the matters therein charged. It is our view that it was the intention of section 132 of the Code to prevent a plaintiff, under such circumstances, from taking advantage of a defendant so situated by filing an amendment affecting the substance of the cause of action and materially increasing the relief sought where the defendant had not manifested his intention to defend the cause by filing an answer or taking some other defensive action, unless he give the required one day's notice prescribed in the section. No construction should be adopted, if avoidable, that would afford an opportunity for one litigant to ensnare or entrap his antagonist in any such fashion.

The language of the section is no doubt susceptible to this interpretation and it requires a very strained construction to interpret it as was done in the opinions *supra.* If, however, it was equally susceptible to either construction that one should be adopted, as we have shown, which would prevent the perpetration of fraud upon defendant by plaintiff and render it impossible for the latter to obtain an undue advantage of him. Such fraud or undue advantage could easily be perpetrated or obtained if plaintiff could file an amendment materially changing the cause of action, though germane to the subject matter of his petition, when defendant had not answered and at a time when the amendment, under the settled practice, could be filed without leave of court. It was no doubt the purpose of the legislature to prevent such consequences by providing that the one day's notice should be given if the amendment was filed after the beginning of five days immediately preceding the court and at a time when it could be filed without leave, which, as we have seen, is any time before the filing of an answer, unless defendant waived the notice in some legal way.

This purpose can not be defeated by the court granting leave to file the amendment when none was required and when it was without authority to do so. As we read the opinions *supra* they were based in the main upon the unauthorized action of the court in granting leave to file the amendments therein. Those cases, in so far as they are in conflict with this opinion, are hereby overruled.

The amended petition in this case having been filed after the beginning of the five days preceding the commencement of court and before answer or other defensive action taken by the defendant, and, consequently, without legal leave of court, it was entitled to one day's notice of plaintiff's intention to file it, and the court erred in taking it for confessed and in submitting to the jury any of the items of damage therein contained. Under numerous opinions of this court the defendant will be before the court for all purposes upon a return of the case.

Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.