## Commonwealth v. Wells et al.

(Decided March 1, 1932.)

J. W. CAMMACK, Attorney General, and CLIFFORD E. SMITH, Assistant Attorney General, for appellant.

C. R. LUKER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On July 28, 1929, Mart Wells, while in the employment of the State Highway Commission of Kentucky as county maintenance foreman, was struck on a public highway by an automobile, owned and driven by Joseph Heil, and received injuries from which he died. His administrator, Elmer Williams, settled his death claim against Heil for the sum of $2,000, which was paid. At the time of the accident both the State Highway Commission and Wells had accepted, and were operating under the provisions of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987). The widow of Wells, and his infant children, who were wholly dependent, applied for compensation. The settlement with Heil was pleaded in bar of their right. The Workmen's Compensation Board rejected the plea, and awarded the dependents compensation at the rate of $12 per week for a period of 335 weeks, but not to exceed the maximum sum of $4,000, with 6 per cent interest on all past-due payments, and actual burial expenses not to exceed $75; the award to be credited by the amount received in the compromise settlement with Heil. On petition for review to the Laurel circuit court the award was affirmed. From that judgment this appeal is prosecuted.

The question is: Does the voluntary settlement of a death claim by the personal representative of a deceased employee against a third party, who caused his death, bar his dependents' right of compensation under the Workmen's Compensation Act against his employer when the amount received in the settlement is less than the compensation authorized by law? In the recent case of Elizabeth Napier v. John P. Gorman Coal Co., 242 Ky. 127, 45 S. W. (2d) 1064, the question was answered in the negative. At the same time we held that the amount received in settlement should be credited on the award. The reasons for the court's conclusion are fully set forth in that opinion, and need not be repeated. In connection with the petition for a rehearing in that case, we have carefully reconsidered the question, and adhere to the ruling there made. As the award conforms to that ruling, it was properly affirmed by the circuit court.

Judgment affirmed.

Whole court sitting.