## Whitney Transfer Co. et al. v. McFarland et al.

March 22, 1940.
As Modified on Denial of Rehearing April 23, 1940.

M. L. Blackwell, Judge.

Davis, Boehl, Viser & Marcus and W. Fred Hume for appellants.
Withers & Lisman for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

On November 14, 1936, Harry O. McFarland, while in the employment of the appellant, Whitney Transfer Co., was killed when driving its truck along Highway 60 from Louisville to Henderson as the result of a collision occurring between the truck and a freight engine of the Louisville & Nashville Railroad Co. at a railroad crossing near Brandenburg, Ky.

At the time of the accident both the Whitney Transfer Co. and Harry O. McFarland, its employee, had accepted and were operating under the provisions of the Workmen's Compensation Act (sections 4880-4987, Kentucky Statutes).

The appellee, Crystal B. McFarland, widow of deceased, having qualified as administratrix of his estate, she was contacted by the railroad company's agents and claim adjusters, who effected a settlement with her, as such, of her death claim against it, by virtue of which she was given a voluntary cash payment of $2,475 and further promised an additional payment of $1,600 in the event she failed to recover the compensation due her and her infant child from the deceased's employer, the appellant, Whitney Transfer Co., under the Workmen's Compensation Act.

A copy of this settlement agreement entered into between the appellee administratrix and the railroad company was filed as an exhibit and made a part of the record in this case.

On cross-examination, Mrs. McFarland frankly admitted that she, as administratrix of the estate of her deceased husband, had made settlement with the railroad company of her death claim and pursuant thereto had received a voluntary payment from it of $2,475.

This agreement, it is to be noted, further provided, in addition to the railroad company's voluntary payment made her of $2,475 and its guaranty of her recovery against deceased's employer, the Whitney Transfer Co., of $4,000 as compensation due her under the Workmen's Compensation Act, that in the event of the refusal

of the transfer company or its insurance carrier to pay the amount which she and her infant child were entitled to recover, she would bring suit therefor and the railroad company would, without expense to her, furnish her whatever legal assistance was found necessary in the prosecution of the action and would reimburse her for all costs resulting from such suit.

It further appears that, pursuant to such settlement agreement had between them, she thereafter applied to the Workmen's Compensation Board for an award of compensation, claimed due her under the provisions of the Workmen's Compensation Act, to which the transfer company interposed, as barring recovery, the widow's settlement agreement made with the railroad company and her release of it against all claims and demands she might have for the death of her husband in consideration of its payment made her of $2,475.

The compensation board, upon the evidence heard before it, found all the facts essential to an award under the Workmen's Compensation Act in favor of the appli-. cant and rendered a referee opinion granting her, upon its findings of fact, an award of $4,000, with burial expenses of $75, but with the provision that the defendant, Whitney Transfer Co., "is to be credited on the award with the sum of $2,475, the amount claimant received in a voluntary settlement with the Louisville & Nashville Railroad Company, a third party, for damages."

The referee explained the credit allowed under his award made as his ruling on the question of law, as follows:

"An employer or his insurance carrier may recover of a negligent third party the amount of indemnity which has been paid or for which the employer or the insurance carrier becomes liable to pay to an injured employee or his dependents, in the case of death, when such injury or death is caused by a third party.

"Claimant can voluntarily settle for damages with a third person responsible for the death of the employee and recover therefor, and also can prosecute a claim for compensation and receive benefits from the employer when the amount received in the settlement is less than the compensation authorized by the Workmen's Compensation Act."

The referee cited in his opinion three recent cases, relied on as supporting his ruling of law, which are as follows: Stiglitz Furnace Co. v. Stith's Adm'r, 234 Ky. 12, 27 S. W. (2d) 402; Napier v. John P. Gorman Coal Co., 242 Ky. 127, 45 S. W. (2d) 1064; Commonwealth v. Wells, 242 Ky. 656, 47 S. W. (2d) 81.

Upon a motion made for a full board review, the administratrix insisted that the Whitney Transfer Co. should not be credited with the amount paid by the railroad company to her, upon the ground that the railroad company had not been adjudicated a wrongdoer and that its voluntary settlement and cash payment made her could not be construed as an admission of negligence or fault on its part.

This contention was by the full board rejected and the decision of the referee affirmed.

From this award of the board, administratrix prosecuted an appeal to the Webster circuit court, wherein, the cause coming on to be heard upon the petition and the general demurrer of defendant, Whitney Transfer Co., the court adjudged that the demurrer to the petition be overruled and reversed the award made by the board on the question of law, in allowing the compensation award of $4,000 subject to credit by the amount of the $2,475 previously paid by the railroad company. It was further adjudged that Crystal B. McFarland, administratrix, was entitled to recover the full amount of the award made her of $4,000, without credit allowed thereon for the $2,475 voluntarily paid her by the Louisville & Nashville Railroad Co., when it was not an admitted wrongdoer before the board, and for the further reason that "all matters and causes of action existing between the Whitney Transfer Co. and the Louisville & Nashville Railroad Co. may be only properly litigated in the courts." The court therefore directed the compensation board to so modify its opinion and finding as to conform with its order and judgment.

From this ruling and judgment of the court the Whitney Transfer Co. has appealed, insisting that the lower court erred in reversing the decision of the compensation board and in adjudging that the Whitney Transfer Co. was not entitled to credit in the amount of the railroad company's voluntary payment of $2,475 to McFarland's widow in settlement of its legal liability

upon her claim against it for the death of her husband. Also the transfer company asks a reversal of the judgment upon the ground that the petition for appeal, filed in the Webster circuit court, was not filed in the proper court and therefore that court was without jurisdiction and the transfer company's special demurrer to the petition should have been sustained.

Turning our attention first to the decision of the second of these objections urged by appellant for reversal of the lower court's judgment, that appellee's petition for appeal, filed in the Webster circuit court, did not show that the Whitney Transfer Co., named as defendant therein, was a resident of Webster County, though it is admitted that appellee by her amended petition, shown by the record to have been filed on July 4, 1938 (the same day on which appellant's special demurrer was filed), alleged that the Whitney Transfer Co. was a common carrier, operating in Webster and other counties of the state, and therefore, under section 73, Civil Code of Practice, was sufficient if filed in time.

It is provided by section 132, Civil Code of Practice, that "plaintiff may, at any time before answer, amend his petition without leave * * *."

This code provision has been construed as applying where no answer has been filed and no demurrer sustained. Quinn v. Cincinnati, N. & C. R. Co., 97 S. W. 379, 30 Ky. Law Rep. 15.

Further, the rule of practice, under the provision as it was construed in Champion v. Robertson, 4 Bush 17, and Louisville & N. R. Co. v. Hall, 115 Ky. 567, 74 S. W. 280, is that the plaintiff has a right to file an amended petition before answer is filed, and the court has no judicial discretion to reject it.

The amended petition was here filed before any answer was filed.

Appellee in brief of counsel further responds to this objection that the record does not show appellant objected to the filing of the amended petition, from which it follows that even had there been a question as to appellee's right to file it, appellant's failure to object to its filing amounted to a waiver of his right to object. Bedford v. Graves, 1 S. W. 534, 8 Ky. Law Rep. 262.

Also the response is made that the amended petition did not set up a cause of action or substantially affect the cause of action set up in the original petition, and that therefore it related back to the filing of the original petition. Authorities cited in support of the above are section 134, Civil Code of Practice and Imperial Jellico Coal Co. v. Neff, 166 Ky. 722, 179 S. W. 829.

Under the guidance of the rules of procedure announced in these authorities cited, we conclude that appellant's contention that the Webster circuit court was without jurisdiction of this cause is without merit and is not to be sustained.

The next assignment of error upon which appellant relies for reversal of the judgment is that the learned trial court erred in reversing the award of the Workmen's Compensation Board in adjudging that the widow of Harry McFarland was entitled to recover the full sum of $4,000 from the Whitney Transfer Co. as compensation for his death, without credit allowed thereon for the $2,475 voluntarily paid her by the wrongdoer, the Louisville & Nashville Railroad Co.

Against this contention, the appellee argues that the compensation board's award of compensation to McFarland's widow, when subjected to credit by the amount paid her by the railroad company in settlement and release of her death claim against it, was erroneous, in that this decision of the board and the cases therein cited in support of it were based on section 4890, Workmen's Compensation Act, which provides that:

"Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act either the employer or his insurance carrier, having paid the compensation or having become liable therefor, shall have the right to recover in his or its own name or

that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."

Appellee insists that the foundation for the rights of action provided in this section is *legal liability* on the part of the third person and that unless there is legal liability, judicially established, no right of recovery is given and whether or not such liability exists is "a question which can only be determined or properly litigated in the courts."

However, in answer to such contention urged by appellee, appellant cites and relies on the two very recent cases of Napier v. John P. Gorman Coal Co. and Commonwealth v. Wells, supra, relied on by the compensation board, wherein this section 4890 of the Compensation Act was construed. The facts in those cases are almost identical with those here presented and the court there held that an employer who had paid or became legally liable for compensation was entitled to credit for the amount voluntarily paid the injured employee by a third party wrongdoer. Also, in neither of those cases, so holding, was there any judicial determination made of the legal liability of the third party by whom the employee was injured, but it would appear the court assumed that the third party was legally liable for negligence and treated him as an admitted wrongdoer, apparently by reason of his seeming recognition of legal liability, evidenced by his voluntary payment of damages, as if for injuries negligently done by him to the employee.

Clearly in this instance, where the evidence shows a collision of appellant's truck, which deceased was driving, with the freight engine of the railroad company, resulting in the employee's death; the immediate contacting of the widow, the administratrix of the deceased employee, for a settlement of her claim for damages by the agents of the railroad company; the purchase by the railroad company of such settlement and release of all the estate's claims to damages against it for the amount of $2,475, which it voluntarily paid administratrix, without judicial determination first made of its negligence, the court would have been justified in assuming the railroad company's negligence as impliedly admitted, where

it thus recognized by its conduct and hasty settlement, its legal liability for the death of administratrix's husband, sustained under such circumstances as created in it liability for damages in respect thereto.

In the Napier case, supra, where, as here, there was a settlement made and concluded by the administrator with the alleged tort feasor in advance of the application for a compensation award by the dependents of the deceased employee, the court, in construing section 4890, Workmen's Compensation Act, said [242 Ky. 127, 45 S. W. (2d) 1066]:

"It is the purpose, policy, and provision of the law that the wrongdoer shall be liable for the whole damage caused by his wrongful act. Constitution, sections 54, 241; Kentucky Statutes, section 6. There is no purpose evinced by any legislation in this state to reduce or impair that liability. Book v. City of Henderson, supra (176 Ky. 785, 197 S. W. 449).

"But it is also the policy of the law that an injured employee or his dependents, in case of his death, shall have the amount of compensation authorized by the Workmen's Compensation Law, and both remedies may be pursued until full compensation has been collected. An injured employee may not duplicate his damages, but he may pursue the wrongdoer for any damages sustained in excess of the compensation collected from his employer. And he may collect from the wrongdoer, and still seek his remedy for compensation if the amount realized from the wrongdoer is less than the authorized compensation. The third party may interpose all defenses against the employer or his insurance carrier that he could invoke against the employee or his personal representative. The result is not to compel the wrongdoer to pay double damages for a single wrong, but to require full restitution to all the parties injured by the wrongful act." (Parenthesis ours.)

Further the court in the Napier case concluded that:

"The circuit court and the Workmen's Compensation Board erred in dismissing the application for compensation, and, since the facts necessary to en-

title the applicant to relief were found in her favor, the erroneous ruling was on a question of law. Marian Mining Co. v. Bowling, 239 Ky. 724, 40 S. W. (2d) 370; Broadway & Fourth Ave. Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988. The circuit court should have rendered a judgment for the amount of compensation due the dependents, less the amount received by the administrator from the railroad company."

This question presented and so construed in the Napier case was again presented, reconsidered and its construction adhered to in the later case of Commonwealth v. Wells, supra.

We find ourselves in full accord and agreement with the rule announced in these cases, and being of the opinion that they are here directly controlling, it follows that the judgment of the trial court being not in accord therewith, the same is reversed, with directions that the cause be remanded for further proceedings consistent with this opinion.