232 S.W.2d 999 (1950)
SOUTHERN QUARRIES & CONTRACTING CO. et al.
v.
HENSLEY.
STANDARD ACCIDENT INS. CO.
v.
HENSLEY.
Court of Appeals of Kentucky.
June 20, 1950.
Rehearing Denied October 27, 1950.
*1000 Howard Van Antwerp, Jr., Ashland, Baird & Hays, Pikeville, for appellants.
G. R. Blackburn, Huddy, J. W. Copley, Williamson, W. Va., for appellee.
KNIGHT, Justice.
Appellee was injured on June 11, 1947, while employed by appellant, Southern States Contracting Company, hereinafter called the "Company," both of them at that time having accepted the provisions of the Workmen's Compensation Law. Appellant, Standard Accident Insurance Company, hereinafter called the "Insurance Carrier," carried the compensation risk for the Company. Appellee filed with the Workmen's Compensation Board, hereinafter called the "Board," a claim for $18 per week for 500 weeks for total, permanent disability, and hospital and medical bills amounting to $1458. Shortly after filing the claim with the Board, he also filed a common law action against the motorist, B. D. Taylor, Jr., who had caused his injuries while he was performing his duties as flagman on a road job for the Company. In this common law action, the Insurance Carrier, appellant herein, filed an intervening petition in which it alleged that it had paid to appellee weekly compensation of $18 per week for 75 weeks, totaling $1350, and had paid hospital and medical expenses of $400 for appellee, making a total of $1750, and it prayed judgment for that amount against Taylor in any judgment that might be rendered against him in appellee's favor. On December 6, 1948, judgment was entered against Taylor in favor of appellee in the sum of $6000 for personal injuries and $1458 for hospital and medical expenses, and Taylor paid that sum into court and was discharged from all liability under the *1001 judgment. On December 6, 1949, a supplemental judgment was entered directing the clerk to pay to the intervening petitioner the sum of $400 to reimburse it for hospital and medical expenses paid out by it, and directing the clerk to pay to appellee Hensley the sum of $1350 then remaining in court. It is from the latter part of this supplemental judgment that the Insurance Carrier, appellant, prosecuted the second appeal listed in the above caption.
In the meantime, on October 4, 1949, the Board, after full Board review, made a final award in favor of appellee against the Company of $18 per week for a period of 10 years, not to exceed a maximum of $9000, plus medical expenses, not to exceed $400, this award to be subject to a credit of $1350 compensation paid to appellee by the Insurance Carrier, and $400 medical expenses paid to the hospital by the Insurance Carrier, and subject to a further credit of $4650 which appellee had received on the common law judgment recovered against Taylor, making a total credit on the compensation of $6000 and leaving a balance of $3000 due on the award at the weekly rate. The Board further ordered that if the Pike Circuit Court directs that the sum of $1350, then held by the court, (this being part of the recovery on the common law judgment) be paid to plaintiff (appellee) to apply on said judgment, defendant will be entitled to an additional credit of that amount, leaving a balance of $1650 for compensation due plaintiff at the weekly rate. The Board further ordered that the payment of the balance of the compensation due shall not be suspended until the amount received by the plaintiff on his judgment is consumed at the weekly rate, but that the payment thereof and the past due payments shall be made on the effective day of the award, December 6, 1948.
Both sides filed in the Circuit Court a petition for a review of this final award of the Board and on December 6, 1949 a judgment was entered dismissing both petitions and approving and confirming the award of the Board. The judgment ordered that the sum of $1350 (part of plaintiff's common law judgment against Taylor) be paid to the plaintiff and credited against the $6000 award, leaving a balance of $1650 for compensation due at the weekly rate of $18. In all other respects the award was confirmed, including the provision that payment of the balance of the compensation due shall not be suspended but the payments thereunder shall pick up from December 6, 1948, and continue until the balance of $1650 is paid.
The two cases captioned above have been consolidated and appellants prosecute this appeal from the judgment of the lower court. Appellee filed in this court a cross-appeal from that judgment. Appellants' contention on appeal is that the judgment is erroneous in failing to credit against the total award of $9400 the full amount of $7458, which appellee recovered in the common law action, instead of the sum of $6400 which was credited against it in the judgment. They also contend that the judgment is erroneous in directing that the weekly payments covering the balance due on the award begin on December 6, 1948, instead of beginning on or about January 10, 1955, which would be after all credits are absorbed on a weekly payment basis.
It is difficult to determine the exact contention of the appellee on his cross-appeal as referred to in his briefs. In one brief he contends that the total award of $9400 is not subject to credit for any of the judgment recovered from the third party, except the $400 hospital bill and the $1350 which the Insurance Carrier has paid to appellee, because the employer is a joint tort feasor with the third party who caused the damage. This contention is without merit as the whole theory of the Workmen's Compensation Law is that it superseded and abolished the old laws of negligence and an employer operating under that law cannot be a joint tort feasor with a third party who may injure him. Furthermore, KRS 342.055 specifically gives the employer or his insurance carrier the right of recovery against a third party causing the damage.
Another contention of appellee is that if any of the $6000 judgment is to be credited, it should not exceed $3000 because at least that much of the judgment covering bodily injuries must have been for *1002 pain and suffering which is not compensable under the Act. It is sufficient answer to this contention that the jury in its verdict made no allocation for pain and suffering. The jury simply divided its verdict into a certain sum for medical expenses and hospital bills and a certain sum for bodily injuries. We cannot speculate or guess what proportion of the $6000, if any, was for pain and suffering.
Appellee further contends that if the credit is allowed on the award for the judgment recovered from the third party, there should first be deducted the attorney's fee he expended in making this recovery which, in this case, was a sum equal to 30% of the amount recovered. In other words, that there should be credited against the award only the net amount received by him.
In its opinion and award the Board admitted there was much force and logic in this contention but was of the opinion that the case of Spinner v. Fidelity & Casualty Co. of N. Y., 245 Ky. 519, 53 S.W.2d 946, cited and relied on by appellant, had decided to the contrary and the Board felt itself bound by that decision. It therefore refused to deduct the attorney's fee before allowing credit on the award. It is the opinion of the majority of this court, not concurred in by the writer of this opinion, that the Spinner case is distinguishable, is not controlling here, and that the attorney's fee should be deducted before the credit is applied against the award. It is their view that if the attorney's fee, which appellee paid out to recover the common law judgment, is credited against the award, appellee would not receive the full amount of the award of $9400 to which he is entitled, less, of course, the statutory attorney's fee for which he is liable under the Act. KRS 342.320. Had the Insurance Carrier or the employer brought the common law action against the tort feasor, as they had the right to do under KRS 342.055, they would have had to pay their attorney's fee. While there was no contractural relationship between the Company or its Insurance Carrier and the attorney bringing the common law action against the tort feasor, the Insurance Carrier did intervene in that suit to obtain the benefits therefrom and it therefore seems equitable that they should allow deduction for the attorney's fee necessary to obtain those benefits before the judgment is credited against the award, and we so hold. The attorney's fee is deductible only from the $6400 credit allowed under the judgment and not from the $1058 received by appellee and not allowed as a credit by the judgment.
We next consider appellants' first contention that the judgment was erroneous in failing to credit against the total award of $9400 the full amount of $7458, which appellee recovered in the common law action, instead of the sum of $6400 which was credited against it in the judgment. KRS 342.055 provides as follows:
"Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. * * * If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."
In construing this section, it has been held that if the employer, having paid compensation, makes no claim against the negligent third party, the latter is entitled to be credited on the judgment rendered against him in favor of an injured employee for such compensation as may have been paid to such employee by the employer. Williams v. Brown, 205 Ky. 74, 265 S.W. 480. On the other hand, the employer and his insurance carrier may claim reimbursement from the negligent third party for such compensation as he or it may have paid to the injured employee and the injured employee is entitled to any excess of the judgment against the third party *1003 over the amount of the award from his employer. Berry v. Irwin, 224 Ky. 565, 6 S.W. 2d 705; Napier v. John P. Gorman Coal Co., 242 Ky. 127, 45 S.W.2d 1064; Commonwealth v. Wells et al., 242 Ky. 656, 47 S.W.2d 81.
In the case of Whitney Transfer Co. v. McFarland, 283 Ky. 200, 138 S.W.2d 972, principally relied on by appellant, the amount recovered from the third party by settlement, $2475, was less than the award of $4075, as was true in the instant case. In that case, it was held that the award was subject to credit for the full amount of the settlement. If there were no difference between the common law judgment, which appellant obtained against the third party in the instant case, and the lump sum settlement, which was made by the third party in the McFarland case, we would regard that case as controlling here and say that as the full amount of the settlement was credited against the award there, the full amount of the judgment should be credited against the award here. But in the case at bar the common law judgment was not a lump sum one. The suit against the motorist who injured appellee was for $20,000 damages and for $1479 for hospital and medical bills, and the jury in its verdict fixed appellee's damages at the sum of "$6000 for bodily injuries, plus medical expenses and hospital bills of $1458."
The real question in the instant case is this: Is the award of $9400 subject to credit for the $1458 recovered for medical and hospital bills in addition to the $6000 recovered for bodily injuries? It is conceded that $400 of the $1458 was properly credited leaving in controversy the balance of $1058 which is the real amount in controversy on this appeal. This precise question appears not to have been decided in this jurisdiction. Since this $1058 represents excess medical expenses recovered by appellee over and above the $400 for which appellants are liable under the statute then existing, KRS 342.020, 1946 Ed., it is reasonable that they would not be entitled to credit on the award for such excess which was recovered purely as medical and hospital expenses; in other words, that appellants would only be subrogated to appellee to the extent they were legally liable to him and, not being liable to him for the $1058, they have no subrogation rights in that part of the judgment. The medical and hospital bills recovered in this case were special damages just as recovery for damages to an automobile are special damages in certain personal injury cases. An illustration used by the Board in its opinion and award is this: Suppose appellee had been in his own automobile when injured under circumstances in which both his employer and the third party were liable, and his automobile had been damaged, and in a suit against the third party he had recovered a verdict for $1058 for damages to his automobile in addition to damages for personal injuries, could it be successfully contended that appellants would have been entitled to a credit on the award for those special damages to the automobile and for which they were not liable? We think not. It is our opinion that the award of the Board and the judgment of the lower court properly allowed a credit against the award the sum of $6000 for bodily injuries less attorney's fee recovered against the third party and the $400 paid on the hospital and medical bills and properly disallowed the $1058 balance recovered for this latter purpose in the judgment against the third party. If, as appellant contends, this will result in appellee's making a total recovery of $10,058 ($9000 award plus $1058 medical), it is something of which appellant has no right to complain. We do not regard this as recovering both damages and compensation in contravention of KRS 342.055 or as being in conflict with the decisions above referred to or any other decisions of this court. It is simply recovery of special damage which he will immediately pay out for medical and hospital bills for which appellant is not liable. If it were credited against the award for which appellant is liable, the latter would receive something to which it is not entitled under the law.
On the second point raised by appellants on this appeal, that is, concerning the time when the weekly payments on the award shall begin, the Board, in its opinion and award, said: "The defendant contends that the further payment of compensation *1004 should be suspended until the amount that the plaintiff receives under the judgment of the Pike Circuit Court is consumed at the rate of $18.00 per week. We do not find any clear statement in the authorities on this point, but we see no reason why the plaintiff should be required to wait for several years to be paid the balance of the compensation due him. Certainly we cannot agree with the contention of defendant's counsel, that the payment of further compensation now would be a duplication of payment. The money which the plaintiff receives on this judgment is actually not compensation because it does not come from the employer or its insurance carrier; it merely creates a situation whereby the amount of compensation for which the defendant is liable is reduced. If it should properly be considered as compensation it seems to us that the credit which the defendant receives by reason thereof is in the nature of a lump sum advancement to the plaintiff, and should in effect be deducted from the final payments." Since this statement conforms to our view on this phase of the case, we adopt it as part of the opinion in this case.
Summarizing, appellee's award of $9400 is subject to a credit of $400 medical and hospital bills, plus $1350 already paid him by the Insurance Carrier, plus $4480 for part of the common law judgment ($6400 less attorney's fee of $1920 for obtaining judgment), the balance to be paid in weekly installments beginning as of the date of the award, December 6, 1948.
Wherefore the judgment is affirmed on appeal and reversed on cross-appeal.