**Drexell R. DAVIS, Treasurer of the Commonwealth of Kentucky, and Custodian of the Uninsured Employers' Fund, Appellant,**

v.

**William Robert BULEY, Appellee.**

**No. 81–CA–836–MR.**

Court of Appeals of Kentucky.

March 5, 1982.

Discretionary Review Denied
June 29, 1982.

Michael A. Richardson, Asst. Atty. Gen., Frankfort, for appellant.

Edwin E. Schottenstein, Louisville, for appellee.

Before COOPER, McDONALD and VANCE, JJ.

COOPER, Judge.

This is an appeal from an order of the circuit court holding the appellant in contempt of court for failing to make bi-weekly payments to the appellee under a Workers' Compensation Award. The issues are whether the circuit court erred as a matter of law in so holding the appellant in contempt, and in awarding the appellee attorney's fees for prosecuting the contempt action. On review, we reverse and remand.

In November of 1978, the appellee, William Robert Buley, received a Workers' Compensation Award of $29.00 per week from and after November 27, 1975. This award was to be paid by the appellant, the Uninsured Employers' Fund. The appellee also received a settlement from a third-party tortfeasor. In alleging that it was entitled to a credit against its liability, the appellant applied the . entire settlement against the front-end of the award, i.e. the period from the date of injury through July of 1983. KRS 342.700(1).

The appellee contested this action, and requested the trial court to hold the appellant in contempt. The trial court subsequently issued an order finding the appellant's attempt to offset its liability with the settlement given to the appellee was not timely, and therefore was in contempt of court. Additionally, it awarded the appellee $250.00 in attorney's fees from the appellant. It is from such order that the appellant now appeals.

Simply stated, the question before this Court is how to interpret KRS 342.700(1). The relevant portion of that statute reads as follows:

> Remedies when third party is legally liable. (1) Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such oth-

er person to recover damages, but he shall not collect from both. . .

The appellant argues that the statute allows it to apply entire amount of the settlement against the front-end of the appellee's award. It argues that the statute clearly manifests a legislative intent that a claimant not be allowed a double recovery for the same injury. Furthermore, the appellant argues that given the nature of the appellee's award—a fixed amount for an uncertain period of disability—it is only equitable that the award be offset by the settlement already received. Conversely, the appellee argues that the settlement received by him should be applied as a credit to the long-end of the award. *Southern Quarries & Contr. Co. v. Hensley*, 313 Ky. 640, 232 S.W.2d 999 (1950).

 KRS 342.700(1) expresses a clear legislative intent that an injured employee should not be allowed to recover from both the compensation carrier and a third-party tortfeasor. Here, unlike the situation in *Hensley, supra*, the award issued to the appellee was open-ended "for the duration of his disability." A clear distinction exists between a specific amount awarded to an injured employee and an open-ended award. This distinction negates the argument set forth by the appellee.

Here, it is uncertain how much the appellee will receive in terms of a Workers' Compensation Award. Therefore, it is inequitable to allow him to receive both the settlement and bi-weekly payments from the appellant with the promise that the settlement will be used as a credit against the long-end of the award. The term "long-end of the award" is a legal fiction, for the award itself will be determined by the actual duration of the appellee's disability. Therefore, the trial court erred, as a matter of law, in holding the appellant in contempt of court and in ordering it to pay the appellee bi-weekly payments from the date of his injury. Furthermore, the trial court erred in awarding the appellee attorney's fees for the contempt proceeding. It had no statutory authority to do so.

The judgment of the trial court is reversed, with directions that it vacate its original judgment and enter a new judgment stating that the appellant is not liable for payments to the appellee until the end of July, 1983, and that the appellee pay his own attorney's fees in the contempt proceeding.

All concur.