## Fall City Ice & Beverage Company v. Scanlan Coal Company.

(Decided March 10, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Damages—$620.00 Not Excessive for Injury to Coal Truck under Evidence.—In action for injury to coal truck from collision, verdict of $500.00 for damages to truck, plus $120.00 for loss of its use, held not excessive under evidence.

2. Municipal Corporations—Instructions Held to Cover Law of Case. —In action for collision of trucks in street, instructions to jury held to cover the whole law of the case.

3. Municipal Corporations—Truck Driver Held Negligent if Speed Exceeded 14 Miles Per Hour in Residential Portion of City.— Truck driver held negligent if speed exceeded 14 miles per hour in residential portion of city, under Ky. Stats., section 2739g-51; clause requiring "reasonable and proper" speed, having regard to use of highways other than through residential and built-up business portions of city, regulated by specific limitation.

4. Municipal Corporations—Instruction as to Right of Way at Intersection Held Proper.—Instruction, that plaintiff's truck approaching on the right of defendant's had right of way through intersection, and it was duty of defendant's driver to yield same, unless defendant's truck was closer to intersection of paths, in which event it was duty of plaintiff's driver to yield right of way, held proper.

5. Trial—Instruction Reciting that Failure of Duty "Thereby" Caused Collision Not too Indefinite or Confusing.—In action for collision of trucks, instruction that if driver's failure

to observe duty "thereby caused" collision, rather than "directly caused" collision, held not too indefinite or confusing; "thereby" meaning by that means, or in consequence of that.

J. P. HASWELL for appellant.

DAVIES, PAGE & DOWNING for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The truck of the appellant, Fall City Ice & Beverage Company, struck the truck of the Scanlan Coal Company at the intersection of Eighth street with Broadway, in the city of Louisville, causing injury to the truck of appellee for which this suit was instituted to recover damages. A verdict and judgment for $620.00 against the Fall City Ice & Beverage Company resulted, and it prosecutes this appeal.

Appellant's truck, two and one-half (2½) tons capacity, was traveling west on Broadway while appellee's truck was traveling north on Eighth street, and crossing at right angles. The truck of appellee was loaded with about three tons of coal. The truck of appellant carried two barrels, empty except for some unfilled bottles. Unloaded the trucks weighed almost 8,000 pounds each. The truck of appellee loaded with coal weighed about 14,000 pounds. Each truck was on the right side of the highway. When appellee's truck on Eighth entered Broadway going north the driver observed the truck of the appellant on Broadway not far from Seventh street, traveling at a rapid rate. Appellee's truck was going from four to six miles an hour. By the time it had reached the center of Broadway appellee's truck was in twenty (20) or thirty (30) feet of appellee's truck. As appellee's driver attempted to speed up, its truck was struck on the rear wheel and rear part of the body by the front of appellant's truck, throwing the rear of appellee's truck to the northwest and facing it east on Broadway, tearing off one of the rear wheels and otherwise damaging it. In the collision about one ton of coal was knocked from appellee's truck on to the street. Both trucks were badly crippled.

Several persons witnessed the collision. The driver of appellee's truck testified he was going five or six miles an hour and saw appellant's truck approaching at the

rate of 25 to 35 miles per hour. Other witnesses who saw
the accident said appellant's truck was traveling at a high
rate of speed, some say 25 to 30, while others say from
30 to 35 miles per hour. The driver of appellant's truck
said he was traveling about 13 to 16 miles per hour. All
admit that the truck of appellee was traveling at a low
rate of speed. Broadway at the point of collision was
about 70 or 80 feet wide, while Eighth street is about 40
feet wide. There were no other vehicles near the inter-
section at the time of the collision. There was, there-
fore, plenty of room.

Appellant's theory of how the accident came about
is, that appellee's driver, after moving into Broadway,
turned his truck as if to go west on Broadway and after
going a short distance suddenly changed his course, com-
ing directly and immediately in front of the truck of
appellant. This theory is sustained alone by the evi-
dence of its driver. All the other witnesses contradict
this statement. The circumstances also contradict it.
A truck traveling from four to six miles an hour could
not have turned on Broadway and then back across
Broadway, its great width considered, while appellant's
truck, traveling at a high rate of speed, ran from Seventh
street to the place of collision. Another fact which
makes the negligence of appellant's driver manifest is
the striking of the rear of appellee's truck by the front
of appellant's where there was abundant space for the
vehicles to pass without interference. The evidence
appears to fully establish the claim of appellee that the
negligence of appellant's driver was the cause of the ac-
cident.

A reversal of the judgment is asked by appellant on
the ground that the damages awarded by the court are
in excess of those proved at the trial. Appellee intro-
duced evidence to show that the wheel of its truck was
torn off and that the motor and other parts of the truck
were badly damaged, the several injuries being set out in
the evidence. By the mechanic who repaired the truck of
appellant it was proved that his bill was something more
than $285.00. He testified that the truck was damaged
$400.00 or $500.00 by the collision, that is, the difference
in the value of the truck immediately before and imme-
diately after the collision was $400.00 or $500.00. Other
evidence sustained this conclusion of the mechanic. The
jury in making its award found $500.00 as damages to

the truck and $120.00 for loss of use of the truck result-
ing from the accident.    There was abundant evidence to
show that the truck was out of commission by reason of
the accident for three weeks or more and that its use was
reasonably worth $10.00 or $12.00 per day.    The verdict
was not, therefore, excessive.

Appellant also complains that the trial court allowed
appellee to introduce rebuttal evidence of the same gen-
eral nature as that offered in chief.    It is true that the
witness Johnson was asked, when called in rebuttal, ques-
tions which elicited from him answers in part much the
same as those given on direct examination.    This the
court should not have allowed, but, under the facts of
this case, it could not have been prejudicial.

Complaint is also made of the instructions given by
the court to the jury and of the failure of the court to
give the instructions offered by appellant.    We have ex-
amined those offered by appellant and those given by the
court.    There is no merit in appellant's contention that
the court erred in failing to give the instruction offered
by it.    The court told the jury in a very plain and appro-
priate way the relative duties of the drivers of the trucks
as they approached and entered the intersection of Eighth
street and Broadway, and then directed the jury that if
it believed from the evidence the driver of appellant's
truck failed to observe any one or more of the duties
mentioned in the first instruction and that the collision
resulted from such failure, to find a verdict for the Scan-
lan Coal Company; and, further, that if it believed from
the evidence that the driver of appellee's truck failed to
observe any one or more of the duties mentioned in the
first instruction, which was equally applicable to it, and
thereby caused the collision, to find for the *Fall City
Company*.    It then aptly stated the measure of damages.
The jury was also instructed that if both drivers were
negligent and their joint negligence resulted in the colli-
sion that neither was entitled to a verdict.    We think
this was the whole law of the case.

Appellant specially complains, however, that the
court stated in the first instruction, in enumerating the
respective duties of the drivers, that it was the duty of
each driver to operate his truck "at such a rate of speed,
not exceeding 14 miles per hour, as you may believe from
the evidence was reasonable and proper, having regard
for the condition of, and the traffic upon, the street."

It is argued that a violation of the statutes, subsection 51 of section 2739g, fixing the speed of automobiles and trucks upon highways is only *prima facie* evidence of negligence; that the driver was not guilty of negligence unless he was driving at an unreasonable rate of speed no matter if he exceeded 14 miles per hour. It is provided by the section of the statutes to which we have referred, "No operator of a vehicle on the public highway shall drive at a greater speed than is *reasonable and proper*, having regard for the traffic in the use of the highway."

To this subsection there is a proviso to the effect that where a highway passes through the residential portion of a city or town a truck must not exceed 14 miles per hour, nor an automobile more than 20 miles an hour. The evidence shows that the intersection of Eighth and Broadway in the city of Louisville is a part of the residential section of that city, therefore a truck is not allowed to exceed 14 miles per hour at that point. The first part of the statutes which we have quoted has application to vehicles upon any public highway, whether in the city or country. The driving and the speed in every instance must be *reasonable and proper*, having regard for the traffic and the use of the highway, but when it comes to closely built-up business portions of the city or town the rate of speed is specifically limited, and this is true of the residential portion of a city, the speed being reduced according to the density or thickness of the population and use of the street. The court did not, therefore, err in limiting the speed of the trucks at the intersection of Eighth and Broadway to "not exceed 14 miles per hour."

Appellant also insists that the court erred in its instruction to the jury on the right of way at the intersection in question. The instruction given by the court is, in substance, that the truck of appellant going west on Broadway and approaching on the right of that of the Scanlan Coal Company, had the right of way through the intersection, and it was the duty of the driver of the Scanlan Coal Company to yield the right of way to the truck of appellant unless the jury believed from the evidence that the truck of appellee was closer to the point of the intersection of the paths of the verging trucks, in which event it was the duty of the appellant's truck to yield the right of way. This seems to express the law

of the subject, and we have no doubt the jury fully understood it.

The second instruction is criticized as being indefinite and confusing in that it failed to tell the jury that if "appellant company's truck failed to observe any one or more of the duties mentioned in the first instruction, and such failure, if any, upon its part directly caused the collision between the machines, causing the damage, etc., to find for the plaintiff." In other words, it is said that the expression "directly caused" should have been used in the place of "thereby caused," which seems to be in substance the same as the expression employed in the instruction. "Thereby" is defined as meaning "by that means; in consequence of that." This criticism is, therefore, not well taken.

The instruction fixing the measure of damage is said to be erroneous because it failed to tell the jury that the fair market value of the automobile was the value obtainable at the place of the accident. Reading the instruction, we are convinced that its import is that the value must be fixed at the time and place of the accident. Some other minor objections are made to the instructions, and one or two to the competency of the evidence, but they are not well taken, and, therefore, will not be further noticed.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.