Jerry L. **DANIELS**, a minor over four-teen years of age, and Shirley Ross, Appellants,

v.

Joe Lee **TACKETT**, suing by his mother, etc., Appellees.

Court of Appeals of Kentucky.

June 23, 1967.

Eugene C. Rice, Paintsville, for appellants.

George Chad Perry, III, William B. Hazelrigg, Paintsville, for appellees.

MILLIKEN, Judge.

The judgment appealed from awarded damages for personal injuries against appellants to appellee ·Joe Lee Tackett, a passenger in an automobile driven by appellee Billy Robinson, Jr., which rammed the appellants' car in the rear.

The accident occurred soon after midnight the morning of August 31, 1964. Appellant Jerry L. Daniels, then a minor, was driving south on U. S. 23 in Johnson County towards Paintsville in an automobile owned by his mother, appellant Shirley Ross. U. S. Highway 23 is a two-lane road at this point. Daniels stopped (there is some question whether gradually or suddenly) in his lane in order to make a left turn into a service station for the purpose

of turning around. Before he made the turn an automobile driven by Charles Edwin Houston passed to the left of appellants' car. The automobile following the Houston car and driven by appellee Billy Robinson, Jr., ran into the rear of appellants' automobile throwing his passenger, Tackett, against the windshield, severely cutting him about the face and head.

Before the evidence was submitted to the jury, and since no demand had been made in the pleadings of appellants for a jury trial, the trial court found that the evidence was insufficient to show any negligence on the part of Robinson and, therefore, dismissed appellants' cross-claim for contribution and indemnity.

The proximate cause of the accident was either: (1) A sudden stop in the roadway by Daniels without adequate warning that he intended to make a left turn, (2) driving by Robinson at a greater speed than was reasonable and prudent, (3) Robinson not keeping a lookout ahead of him, or (4) a combination of the above. Robinson testified as follows:

"Q. 20. (Cross-examination) You said you could not estimate what your speed was. Could you have been going ninety (90) miles per hour?

"A. I could possibly have been, yes."

"Q. 2. (Redirect) Now, you say you could have been doing ninety (90) miles per hour, but were you doing ninety (90) miles per hour?

"A. No, sir."

Although perhaps Robinson may not have been driving as fast as 90 miles an hour, this testimony indicated that he was driving in excess of the speed limit. The maximum speed limit prescribed by statute at the time of the accident was 50 miles an hour. KRS 189.390. Robinson admitted the next day to a policeman that he was driving approximately 70 miles an hour. The Daniels, Houston and Robinson cars had left the drive-in restaurant in that

order within a mile of the site of the accident, and the Houston car was splattered with flying glass from the collision as it passed the Daniels car on the left.

■ In Jewell v. Dell, Ky., 284 S.W.2d 92 (1955), it was held that violation of the terms of a statute regulating traffic is negligence per se and imposes liability as a matter of law if it causes an accident. See, also, Bumpus v. Drinkard's Adm'x, Ky., 279 S.W.2d 4 (1955); Nett v. Zellars, Ky., 353 S.W.2d 379 (1961). Robinson made an admission against his interest when he told a witness that the accident was his fault, but he testified that when he made that statement he was under the impression that any car which collided with another from the rear was automatically responsible as a matter of law. Since the car immediately in front of Robinson was able to avoid hitting Daniels, the rate of speed at which Robinson was driving was a factor to be considered by the jury in deciding the cause of the accident. It was Robinson's contention that Daniels stopped so suddenly it was impossible to avoid hitting his car and that, furthermore, Daniels gave no signal of an intention to turn.

■ During the trial a state trooper testified that approximately twelve hours after the accident he was almost hit by a car driven by Daniels. The occurrence of this incident had no relevance to the accident which had occurred earlier, and it was prejudicial. It was insufficient to establish a pattern of reckless and wanton driving, and the jury should have been admonished to disregard it. Cf. Tingle v. Foster, Ky., 399 S.W.2d 475 (1966).

■ Appellants also should have been allowed to question appellees fully in regard to whether they had been drinking since this bore some relevance as to whether Tackett was contributorily negligent in riding with Robinson. Soard v. Rogers' Adm'r, Ky., 332 S.W.2d 525 (1960). Robinson admitted he had two beers several hours before the accident, but claimed he had

had none after that. Tackett denied that he had any intoxicants, but the trial court refused to admit testimony that he had been seen sipping beer at the drive-in.

We conclude that the judgment must be reversed, and that on a retrial of the case the jury should be permitted to determine the proximate cause of the accident— whether it was Daniels or Robinson or both who caused it, and to also determine whether Tackett was negligent in any way in riding with Robinson.

The judgment is reversed.

All concur.